WILLIAM C. TUDOR *et al*, plaintiffs in error, *vs.* JOHN JAMES, administrator, defendant in error.

The superior court, in the exercise of its chancery powers, has no jurisdiction to set aside a will which has been admitted to probate, or any clause thereof. Such jurisdiction is vested exclusively in the court of ordinary.

Equity. Ordinary. Jurisdiction. Wills. Before Judge GIBSON. Columbia Superior Court. March Term, 1874.

For the facts of this case, see the decision.

H. W. HILLIARD, for plaintiffs in error.

ROBERT TOOMBS, for defendant.

WARNER, Chief Justice.

This was a bill filed by the complainants against the defendant, to obtain the possession of certain described property mentioned therein, on the ground that the will of Thomas Tudor, under which the defendant claims the property, is void; that it was the intention of the testator in giving the property to Tillery, the devisee and legatee named in his will, to confer freedom on certain negro slaves, in violation of the then existing laws of this state. The date of the will does not appear, but must have been executed prior to his death, which is alleged to have taken place in January, 1864. It appears from complainants' bill, that the will of Tudor was duly admitted to probate, and that Tillery was duly qualified as executor. The defendant demurred to complainants' bill on the ground that the superior court had no jurisdiction to set aside and declare void the will of Thomas Tudor, or any part thereof, which demurrer was sustained by the court, and complainants excepted. The act of 1818, amendatory of the act of 1801, inhibits the recording of so much of any instrument as relates to the manumitting or setting free of any slave or slaves, and that includes the court of ordinary. The

Tudor *et al. vs:* James.

will of Tudor has been admitted to probate in that court. The counsel for plaintiffs in error contends that it is not the object of the bill to set aside the probate of Tudor's will, but that must necessarily be done, and more too, before the complainants are entitled to the relief which they seek. So long as the will of Tudor, which has been admitted to probate in the court of ordinary, stands as his will, the complainants can take nothing under it, they therefore ask the superior court, exercising chancery. jurisdiction, to declare certain clauses of that will null and void, and unless the latter court does so declare and adjudge, the complainants cannot have the relief which they seek. The question therefore arises whether the superior court, in the exercise of its chancery powers, has jurisdiction to set aside a will which has been regularly admitted to probate in the court of ordinary, and declare the same, or any part thereof, null and void. By the constitution of this state, the powers of a court of ordinary and of probate are vested in an ordinary for each county. By the 331st section of the Code, it is declared that courts of ordinary have authority to exercise original, exclusive, and general jurisdiction of the following subjects matter: Probate of wills, the granting of letters testamentary, of administration, and the repeal or revocation of the same. As before stated, the will of Tudor has been duly admitted to probate in the court of ordinary, and Tillery duly qualified as the executor thereof. In our judgment, the superior court, in the exercise of its chancery powers, has no jurisdiction to set aside the will of Tudor thus admitted to probate, or any clause thereof, but that the jurisdiction to do that is vested *exclusively* in the court of ordinary. That is the court to which the complainants must go to have the will set aside, or any part thereof, and the probate of the same revoked. A demurrer for want of jurisdiction of the court may be made at any time.

Let the judgment of the court below be affirmed.