## HOOKS, next friend, *v.* BROWN.

1. The probate and record of a will in common form are not conclusive upon any one interested in the estate adversely to the will, and such person, within seven years from the time of such probate and record, may require proof in solemn form and interpose a caveat.

2. A privy in estate of the sole heir at law, who had acquired his interest before the probate of the will in common form, has such an interest in the estate of the decedent as will entitle him to cite the executor to prove the will in solemn form; and if, on the trial of the issue of devisavit vel non raised by the application, the final judgment should be adverse to setting up the will, the court will revoke the probate in common form and declare an intestacy.

3. The statute declares that a will may be probated in common form without notice to any one, and upon the testimony of a single subscribing witness; the ordinary is without jurisdiction to entertain a caveat by an objecting party or to pass upon the issue of devisavit vel non on an application to probate the will in common form; and an appeal by consent to the superior court from such a proceeding does not lie.

4. Although the nominated executor of a will renounces his trust, yet afterwards offers the will for probate in common form and it is so probated, a party at interest who applies to have the executor cited to probate the will in solemn form can not set up such renunciation as a bar to the probate of the will per testes.

5. A creditor of a decedent can not controvert the validity of a will; for it is indifferent whether he receives payment of his debt from an executor or an administrator.

6. Where a will has been proved in common form, the judgment of probate can not be collaterally impeached in the superior court by any pleadings attempting to raise the issue of devisavit vel non.

7. The superior court has no power to set aside a will which has been admitted to probate.

8. The judge of the superior court did not abuse his discretion in enjoining the suit of the remaindermen under the will probated in common form against a grantee of the sole heir at law before such probate, until the issue of devisavit vel non, made by the application of the latter to require proof of the will in solemn form, has been finally determined.

Argued March 3,—Decided March 24, 1906.

Injunction.    Before Judge Littlejohn.    Lee superior court. October 14, 1905.

*Ware G. Martin, James Taylor,* and *Shipp & Sheppard,* for plaintiff in error.    *E. A. Hawkins,* contra.

EVANS, J.    On the 17th of May, 1889, V. A. Clegg, of Lee county, Ga., executed before witnesses a paper which purported to be his last will and testament.    He died on the 23d of that month, leaving as his sole surviving heir at law a daughter, Mrs. Susan Elizabeth Hooks.    On May 27 she applied for and obtained tem-

porary letters of administration upon his estate, and on the same day qualified and gave bond as temporary administratrix. Three days later, J. M. McBride filed in the court of ordinary an application to be allowed to probate in common form the instrument purporting to be the will of V. A. Clegg, in which the applicant and E. L. Kleckley, then a minor, were named as executors and legatees, and under the terms of which Clegg's plantation in Lee county, consisting of 1,100 acres, was devised to Mrs. Hooks for life, with remainder to such of her children as might be living at her death. This application was accompanied by the affidavit of one of the subscribing witnesses, establishing the due execution of the will, sworn to before the clerk of the court of ordinary on May 30. Objections in writing, in the form of a caveat, were interposed by Mrs. Hooks to the granting of the application for probate, she thereby insisting that her father did not have sufficient mental capacity to make a will, did not know the contents of the instrument offered for probate, and was fraudulently induced to sign it by McBride and Kleckley, who had him under their control and influence. At the July term, 1889, of the court of ordinary, counsel representing the propounder entered into a written agreement with counsel for Mrs. Hooks, that the "application to probate the last will and testament of V. A. Clegg, deceased, be and go to the appeal by consent," intending that the issue between the parties to the agreement should be carried to the superior court by appeal and there tried before a jury. No action was taken by the court of ordinary upon the application for probate, nor with reference to the agreement of counsel to enter an appeal. This written agreement was filed in the office of the clerk of the superior court on July 2, 1889, and an entry was made on the docket of that court of a case between these parties, appealed by consent from the court of ordinary. At the May term, 1900, the presiding judge made an entry on the docket indicating that the case had been settled, and signed a written order, dated May 7, reciting that the parties had arrived at a settlement, and adjudging that "the movants be chargeable with the costs" of the proceeding. No other action was taken in the superior court. Under the settlement referred to, Kleckley received from Mrs. Hooks a warranty deed to 700 acres of land in Lee county, while McBride was given a deed signed by her to a tract of 800 acres in that county, described as the "Vinson Place." Both

Kleckley and McBride signed the following instrument, which was dated May 31, 1889, and which was subsequently entered of record in the minute book of the court of ordinary of Lee county: "In the matter of V. A. Clegg, deceased. We, the undersigned, being the named executors in the last will and testament of the said V. A. Clegg, recognizing that he was laboring under a mental aberration and that he was non compos mentis when he made his will, we decline to act as his executors, as the instrument probated is not his last will and testament. And we do this of our own will and accord, and we surrender his entire estate to the said Mrs. Elizabeth Hooks, his true and only lawful heir, and we renounce all claim to his estate under the will or otherwise." By an instrument dated September 7, 1889, and executed by Mrs. Hooks before witnesses, she confirmed and renewed a settlement which was recited to have been had between herself and McBride on May 31,1889, and thereby undertook to convey to him, free from the debts of her father, the tract of land known as the "Vincent Place," together with the crops grown thereon, and certain live stock.

At the time of the death of V. A. Clegg he was largely indebted, one of his creditors being S. B. Brown. After the settlement just referred to, Mrs. Hooks, as sole heir at law of her father, undertook to assume charge of and manage his estate. Being without ready means, she applied to Brown for assistance in settling the indebtedness of the estate. Through his efforts a deduction of 25 per cent. on all of such indebtedness was agreed to by creditors of the estate, and he advanced the amount necessary to settle with them on this basis—some $13,711, and took a mortgage from her on the Clegg plantation to secure the repayment of this sum. He also advanced to her $4,239.11 for the purpose of running the plantation for the year 1890, of which sum she repaid him only $3,426.45. Subsequently, becoming convinced that she could not keep even with her accounts by farming, much less repay to him the large amounts he had advanced, Brown proceeded to foreclose his mortgage. An execution issuing upon the judgment of foreclosure was levied on the mortgaged premises on March 24, 1892, the Clegg plantation was sold under this levy by the sheriff on the 3d of May following, and S. B. Brown and David Greenfield became the purchasers at the sale, the amount of their bid being $14,000. The purchasers immediately entered into possession, and their ownership of the

plantation was not disputed up to the death of Mrs. Hooks, in July, 1893. At the regular November term, 1902, of the court of ordinary of Lee county, J. M. McBride applied for leave to probate the will of V. A. Clegg in common form, referring, in his application, to the application filed by him on May 30, 1889, and reciting that the court had never granted an order admitting the will to probate, although its execution had been proved by the affidavit of one of the attesting witnesses then presented. On November 3, 1902, the ordinary passed an order granting the application of McBride, as executor and propounder, and admitting the will to record as having been duly proved in common form. During the month of April of the following year, W. W. Hooks, as next friend of W. W. Hooks and Jane Lou Hooks, minor children of Mrs. Susan Elizabeth Hooks and petitioner, instituted an action against S. B. Brown, David Greenfield, and Dan Lewis, to recover possession of the Clegg plantation in Lee county, together with mesne profits. Brown and Greenfield filed an answer in which they stated that Lewis was only their superintendent of the plantation and had no interest therein, and that their claim of title was based upon the sale made by the sheriff under the foreclosure of the mortgage given to Brown by Mrs. Hooks, the sole heir at law of V. A. Clegg. These defendants also denied that Clegg had executed a will in accordance with the formalities prescribed by statute, and asserted that the minor children of Mrs. Hooks did not, therefore, take as remaindermen under the devise relied on by them for a recovery. As an additional defense, Brown set up the facts concerning the advancement by him of funds with which to settle the indebtedness of the estate of Clegg, and prayed for an accounting in the event the court should determine the issue as to title adversely to him. Owing to the subsequent death of Greenfield and one of the leading counsel, no action was taken in this case till the May term, 1905, of the superior court, when an order was passed referring the same to an auditor. At the June term, 1905, of the court of ordinary of Lee county, Brown presented to that court a petition in which he fully disclosed the interest he had acquired in the estate of Clegg prior to the probate in common form of his alleged will on November 3, 1902, and which embraced a prayer that the judgment admitting it to record be vacated, and that McBride, the propounder, be required to prove the will in solemn form as provided by law, or else suffer the judgment of

probate to be set aside on the ground that the paper offered for probate was not the will of V. A. Clegg. The petitioner declared, that the effect of the disposition made of the first application for probate filed in 1889, agreeably to the settlement between the sole heir at law and the executors, which settlement was approved by the judge of the superior court, was to sustain the caveat interposed by Mrs. Hooks and defeat the attempted probate of the will; that after this settlement and after the executors had formally renounced the will and declined to act thereunder, the court of ordinary was without jurisdiction to entertain the second application for probate, made by McBride in November, 1902, and that for these reasons the order admitting the will to record should be vacated. Upon considering this petition, the ordinary issued a rule nisi calling upon McBride to show cause at the next succeeding term why the order just referred to should not be set aside, and also why he should not proceed to prove the will in solemn form as prayed for. By way of amendment, the petitioner alleged that he was a creditor of Clegg at the time of his death; also, that the probate of his will in November, 1902, was a fraud upon petitioner; McBride and W. W. Hooks, the father of the minor children of Mrs. Hooks, having confederated and colluded to procure the judgment of probate, notwithstanding McBride had previously renounced the will and taken a benefit adversely thereto. On July 3, 1905, W. W. Hooks, as next friend of his two minor children, was granted leave to become a party to this proceeding before the court of ordinary, and filed a demurrer and answer in which he challenged the right of Brown, the petitioner, to either set aside the judgment of probate or to require the will to be probated in solemn form. When this cause came on to be heard in the court of ordinary, it was, by consent of counsel, appealed to the superior court, and stood for trial in that court at the November term, 1905, thereof. The suit for the recovery of the Clegg plantation, brought in behalf of the minor children claiming under the will against Brown et al. and referred to an auditor, was assigned for a hearing before him on September 27, 1905. Thus matters stood when, on September 23, 1905, Brown presented to the judge of the superior court an equitable petition to enjoin W. W. Hooks, as next friend of his minor children, from further prosecuting the suit brought in their behalf, until a final determination could be had of the questions presented by the plead-

ings in the cause instituted by Brown for the purpose of setting aside the probate of the instrument purporting to be the last will and testament of V. A. Clegg, under which these minors claimed title as remaindermen. The reason assigned for invoking the equitable powers of the court was that Brown could not, in defense to the complaint for land brought against him, collaterally attack the order of probate granted by the court of ordinary, and for this reason he would be deprived of his right to show the invalidity of the paper admitted to record as the will of Clegg, if the hearing before the auditor were permitted to take place before the trial of the cause originating in that court and then pending on appeal in the superior court. By proper allegations and exhibits to his petition, Brown set forth the entire history of the litigation, as well as the facts leading up thereto. Hooks, as the representative of his minor children, filed a demurrer and answer to this equitable petition, and resisted the granting of the restraining order prayed for. He denied the charge that he had colluded with McBride to secure the probate of the will in order to enable him to bring suit for the land as next friend of his minor children, upon the understanding that the probate of the will should in no wise affect the title of McBride to the land conveyed to him by Mrs. Hooks as sole heir at law; he asserted that if, as claimed, the judgment of probate was void for want of jurisdiction to render it, or because it was fraudulently obtained, petitioner was at liberty to attack the same collaterally in the pending suit for the land; and he declared that petitioner showed no right to demand that the will be probated in solemn form, inasmuch as it did not appear that "he was or is an heir at law of said V. A. Clegg, or interested as a legatee in a former and conflicting will of said V. A. Clegg." Upon the interlocutory hearing the court, after the introduction of the evidence submitted by the respective parties, granted the restraining order sought by the petitioner. To this order exception is taken by Hooks, in his representative capacity, who also makes complaint that the court permitted petitioner to submit proof as to the mental incapacity of Clegg, a matter not in issue, and to introduce a certified copy of the record of the court of ordinary, showing the entry made on the minutes of the written renunciation of the will by the executors, over the defendant's objection that the law did not provide for the recording of such a paper, and the original document was not produced nor accounted

for, etc. These objections to the evidence need not be specifically dealt with. In the view we take of the case, it was wholly immaterial whether the executors did or did not renounce the will before it was eventually admitted to probate, and it was entirely unnecessary for the petitioner to attempt to show, on the interlocutory hearing, that Clegg was mentally incapable of executing a will. In affirming the judgment of the court below, we place our decision upon what we conceive to be the law controlling the case under the undisputed facts appearing in the record before us.

The petition is ancillary and in aid of the plaintiff's motion to vacate the judgment probating in common form the will of V. A. Clegg. The only relief prayed is for injunction to stay the suit of Hooks, next friend for his minor children, until the issue raised by the motion to set aside the probate of the will of Clegg can be determined. The principal defense of the plaintiff in the present proceeding (who is defendant in the complaint for land suit) is that the cause of action of Hooks, next friend for his minor children, is bottomed on the validity of the will of V. A. Clegg, and that the probate of this will should be set aside for the reasons assigned. In deciding the propriety of the grant of the injunction, the two cardinal questions presented are, (1) the right of the plaintiff in the present suit to prosecute his motion to vacate the probate of the will of V. A. Clegg; and (2) if he is entitled under the law to attack the probate of this will, can it be done in the superior court as an equitable defense to the suit to recover the land, or must the defendant be remitted to the court of ordinary to obtain this relief?

"Probate of a will may be either in common or solemn form. In the former case, upon the testimony of a single subscribing witness, and without notice to any one, the will may be proven and admitted to record. But such probate and record is not conclusive upon any one interested in the estate adversely to the will; and if afterward set aside, does not protect the executor in any of his acts further than the payment of the debts of the estate. Purchasers under sales from him, legally made, will be protected, if *bona fide* and without notice." Civil Code, § 3281. While any one interested in the estate adversely to the will is not concluded by the judgment of probate in common form, he will become concluded if he delays an attack on the probate longer than seven years. Civil Code, § 3283.

The code section just cited recognizes in express terms the right of a minor heir at law to require proof of the will in solemn form and interpose a caveat at any time within four years after arrival of age.   Indeed it is not controverted that the next of kin may cite the executor of a will probated in common form to prove the will per testes or in solemn form.   This privilege is not limited to heirs at law, but is available to any one interested in the estate of the decedent.   To hold otherwise would be to announce the anomalous proposition that while, under the statute, a judgment of probate in common form is not conclusive upon all parties in interest until after the expiration of seven years, yet a party interested in the estate, other than an heir at law, may not move to set aside the probate within the prescribed time.   Such can not be the law, because it would deny a party at interest in the estate, other than as heir, an opportunity to attack the probate and thereby, as against such a party, make the probate conclusive, and that too without notice or citation.   Who, then, has such an interest in the estate of a decedent as will entitle him to attack the probate of a will in common form?   This precise question has not previously been before this court.   A creditor of an heir whose debt was in judgment at the death of the ancestor has been held to have such an interest in the estate as to enable him to contest the validity of the probate of the will of the decedent.   In re Langevin, 45 Minn. 429 ; Watson v. Alderson, 48 S. W. 478.   A devisee may contest whether or not certain portions of a will offered for probate is the will of the testator.   Wolff v. Bollinger, 62 Ill. 368.   The person to whom administration has been granted on the estate of a deceased person has also been accorded the right to be heard in the probate court upon proceedings to establish the validity of a will subsequently produced. In re Cornelius, 14 Ark. 675.   In an action to set aside a will admitted to probate, and to establish and probate a lost will, purchasers of land from a devisee under the probated will are proper parties defendant.   Roberts v. Abbott, 127 Ind. 83.   The grantee of a sole heir at law may file a bill against the devisees under an alleged will of an ancestor to test its validity.   Savage v. Bowen, 103 Va. 540. Without multiplying authorities, it seems to us that our statutes relating to the probate of wills in common form clearly contemplate that any person interested in the estate of the decedent at the time of the probate in common form is not concluded by the probate, but

may move to set the same aside at any time within seven years. And no reason occurs to us why the grantee, for value and before probate, of the sole heir of a decedent is not possessed of the same right to attack the validity of the probate which his grantor, the heir, might have.

But it may be said that where proof of a will in solemn form is had, the statute provides for notice only to heirs at law. Civil Code, § 3282. This does not necessarily imply that a person interested in the estate other than as heir may not move to set aside the probate of a will in common form or cite the executor to prove the will in solemn form. The usual mode of procedure to set aside a will probated in common form is for the complaining party at interest to make application to the ordinary for a citation to issue, calling on the propounder to prove the will in solemn form. If a prima facie case is made by the motion presented by the applicant, the ordinary will issue a rule requiring the propounder to prove the will in solemn form. The only issue raised by the application to require proof of the will per testes is that of devisavit vel non, and the propounder assumes the burden of making a prima facie case. *Thompson* v. *Davitte,* 59 *Ga*. 472; *Freeman* v. *Hamilton,* 74 *Ga*. 317; *Evans* v. *Arnold,* 52 *Ga*. 169. If probate of the will in solemn form is refused, the effect is to set aside the probate in common form and declare an intestacy. *Walker* v. *Perryman,* 23 *Ga*. 309; *Vance* v. *Crawford,* 4 *Ga*. 445; *Brown* v. *Anderson,* 13 *Ga*. 171; *Wetter* v. *Habersham,* 60 *Ga*. 193. In his motion to set aside the judgment of probate in common form, the petitioner prayed a citation requiring the executor to prove the will in solemn form. As a privy in estate of the sole heir at law who had acquired his interest before the probate of the will in common form, he had the right to apply for the citation to the executor to prove the will of Clegg in solemn form; and if on the trial of the issue of devisavit vel non, raised by the application, the final judgment should be adverse to setting up the will, then in that event the court will revoke the probate in common form and declare an intestacy.

With reference to the abortive effort to probate the will of Clegg on a former occasion, it is only necessary to observe that no estoppel is created by the facts alleged. When the first application was made to the ordinary to probate the will in common form, Mrs. Hooks filed certain written objections, in the form of a caveat. No

judgment of probate was entered in the court of ordinary, and the written agreement that the issue should be taken by appeal to the superior court was a mere nullity, inasmuch as the law does not provide for an appeal, by consent or otherwise, in such cases.  On the contrary, the statute declares that a will may be probated in common form without notice to any one and upon the testimony of a single subscribing witness; the ordinary is without jurisdiction to entertain a caveat interposed by an objecting party or to pass upon the issue of devisavit vel non, attempted to be raised thereby, at this stage of the proceedings, and, of course, can render no decision as to the validity of the will which can properly be made the subject-matter of an appeal.  The superior court of Lee county acquired no jurisdiction by reason of the agreement to enter an appeal to that court; and the order passed by the presiding judge, reciting that the settlement between the parties to this written agreement was approved and allowed by the court, was not binding upon any one having an interest under or adverse to the will offered for probate before the ordinary.  This being true, there was no reason why the will could not be admitted to record at any time thereafter.  If, because the executors had formally renounced the will and declined to act thereunder, neither of them was a proper party to offer it for probate, the minor devisees would certainly have the right to have the will probated in common form upon an application made in their behalf by a next friend.  The objection to permitting the executors to offer the will for probate would have to be made at the proper time (viz., when their application was presented to the ordinary or before final action thereon) by some person having a right, because of their renunciation of the will, to offer it himself for probate.  The petitioner, Brown, can not now call into question the right of the propounder to offer the will for probate in common form.  Nor do we think that Brown, merely in his capacity as a creditor of Clegg, could controvert the validity of his will; for it is indifferent whether a creditor receive payment of his debt from an executor or from an administrator.  1 Williams on Exrs. 399.  However, as Brown acquired possession of the land by purchase at judicial sale had under a mortgage given to him by Mrs. Hooks, as sole heir at law, and acquired his interest therein before the probate sought to be set aside, we have no hesitation in holding that he has such an interest in the estate of Clegg as to enable him to

require Clegg's executor to probate the will in solemn form. It was necessary for him to take steps to do this in the court of ordinary, because that court has exclusive jurisdiction of the probate of wills. Civil Code, §4232. The superior court has no power to set aside a will which has been admitted to probate. *Tudor* v. *James,* 53 *Ga.* 302. Where a will has been proved in common form, the judgment of probate can not be collaterally impeached in the superior court by any pleadings attempting to raise the issue of devisavit vel non. *Maund* v. *Maund, 94 Ga.* 479; *Langston* v. *Marks,* 68 *Ga.* 435 (3). The defendant in the suit to recover the land could not, therefore, collaterally attack the probate of the will of Clegg in that suit; his remedy was to proceed, as he has done, in the court of ordinary to set aside the probate of the will in common form.

The judge of the superior court, on the case made at the interlocutory hearing, did not abuse his discretion in enjoining the suit of Hooks, as next friend of his minor children, until the issue of devisavit vel non, made by Brown's application to require Clegg's executor to prove the will in solemn form, has been finally determined in the case now pending on appeal in the superior court.

*Judgment affirmed. All the Justices concur.*