## JOHNSON v. ELLIS.

ATKINSON, J. 1. "There is no provision of law for the caveat of a will offered for probate in common form." *Henslee* v. *Stamps*, 137 *Ga.* 114 (72 S. E. 898) ; *Young* v. *Freeman*, 153 *Ga.* 827, 832 (113 S. E. 204).

2. "A court of ordinary in probating wills merely adjudicates the factum of the will—devisavit vel non—whether the paper propounded is or is not the last will and testament of the deceased; and this includes the legal execution of the will, the testamentary capacity of the testator to devise, and the presence or absence of undue influence, fraud, or mistake in the execution of the will." *Trustees of the University of Ga.* v. *Denmark*, 141 *Ga.* 391 (2) (81 S. E. 238) ; *Robinson* v. *Ramsey*, 161 *Ga.* 1, 10 (129 S. E. 837).

3. "In a proceeding to probate a will in solemn form the issue, and the only issue, is devisavit vel non. The jury must find that the paper offered for probate is, or is not, the will of the decedent." *Wells* v. *Thompson*, 140 *Ga.* 119, 126 (78 S. E. 823, 47 L. R. A. (N. S.) 722, Ann. Cas. 1914C, 898).

4. "If the probate of the will in solemn form is refused, the effect is to set aside the probate in common form and declare an intestacy." *Hooks* v. *Brown*, 125 *Ga.* 122, 130 (53 S. E. 583).

5. "Since the whole doctrine [of estoppel] is a creature of equity and governed by equitable principles, it necessarily follows that the party who claims the benefit of an estoppel must not only have been free from fraud in the transaction, but must have acted in good faith and reasonable diligence; otherwise no equity will arise in his favor." 2 Pomeroy's Equity Jurisprudence (4 ed.), § 813.

6. "A devisee's acceptance of the devise to him does not estop him from asserting his interest contrary to the will, where such acceptance is made in ignorance of a material fact a knowledge of which is necessary to enable him to make an intelligent choice." *Horne* v. *Lewis*, 160 *Ga.* 828 (129 S. E. 95) ; 28 R. C. L. 329, § 317.

7. In order for acts of the party entitled to elect to have a binding effect as an election, they must be done with an understanding of the situa-

tion and with intent to make an election. Accordingly, acts done in ignorance of the existing provisions of the will, or in ignorance or under a misconception of the value of the estate or the legal rights of the party, will be disregarded when the other parties affected thereby can be placed substantially in the same situation as if no election had been made. Neither will an act necessarily be held a binding election where the person was ignorant of its effect as such. 40 Cyc. 1977.

8. The question whether an election has taken place is for a jury. 40 Cyc. 1984.

9. "No one shall derive a benefit from a violation of the law, or from a fraud practiced by himself or others to his own advantage." *McDougald* v. *Bellamy*, 18 *Ga.* 411 (6).

10. The court did not err in overruling the motion for new trial.

*Judgment affirmed on the main bill of exceptions; cross-bill of exceptions dismissed. All the Justices concur.*

Nos. 7727, 7744. FEBRUARY 28, 1931.

*A. T. Walden* and *Anderson, Rountree, Crenshaw & Hansell,* for plaintiff.

*Neufville & Neufville,* for defendant.