ABERCROMBIE *et al. v.* HAIR, executor, *et al.*

No. 11978.  MARCH 8, 1938.

*Mundy & Mundy, Morris & Welsch,* and *Thomas J. Espy Jr.,* for plaintiffs.  *Wright & Covington,* for defendants.

STATEMENT OF FACTS BY JENKINS, Justice.  Heirs at law of a decedent filed in the superior court of Chattooga County a petition against an executor acting under letters testamentary issued on the probate in common form of the alleged will of the decedent by the court of ordinary of that county, and against the ordinary. The petition alleged that while the decedent was taken ill and died during a visit to relatives in Chattooga County, she was in fact a résident of Polk County, where she was buried and her estate was located.  It was further alleged that the orders of the ordinary of Chattooga County were entered on an application by the executor, stating that the testatrix was "a resident of said county," and

on an affidavit of a witness to the will that she "died a resident of said county;" that "a fraud was perpetrated on the ordinary of Chattooga County by the untrue representation in said probate proceeding that [the decedent] was a resident of Chattooga County at the time of her death;" that because sole jurisdiction was vested in the ordinary of Polk County, the ordinary of Chattooga County was without jurisdiction to grant probate of the will in common form or the letters testamentary, or "to authorize and approve the bond of the executor in connection with said estate;" and that plaintiffs are remediless at law. It was prayed: (1) that a decree be entered, setting aside and declaring void the probate in common form and letters testamentary in the court of ordinary of Chattooga County; (2) that the ordinary of Chattooga County be required to transmit a certified copy of the probate before him to the ordinary of Polk County, under the Code, § 113-604; (3) that the ordinary of Chattooga County be enjoined from acting on any application to probate the will in solemn form; and (4) that the superior court of Chattooga County now determine on this petition that the legal residence of the decedent was in Polk County. The superior court dismissed the action on general and special demurrers on grounds that the petition stated no cause of action or basis for the relief prayed; that there was a full, adequate, and complete remedy at law; that the court of ordinary of Chattooga County had full power and authority to determine its own jurisdiction; that if the prayer for the transmission of the record to the ordinary of Polk County be construed as one for mandamus, the plaintiffs had their legal remedy, and if it be construed as one for a mandatory injunction, such relief would not lie; that the superior court would not enjoin the ordinary from exercising his judicial functions; and that the petition was duplicitous in prayers for inconsistent relief.

The executor, one of the defendants, filed a motion to dismiss the writ of error, on the ground that the issues are now moot, with the following allegations: that a week after this petition for injunction and other relief was filed, and about three weeks after the orders of the court of ordinary of Chattooga County were entered, probating the will in common form, the executor filed an application to the same court of ordinary for probate of the will in solemn form, with notice to all heirs; that all of the plaintiffs in error,

the heirs at law (plaintiffs in this petition to the superior court) appeared before the court of ordinary, filed therein a plea to the jurisdiction, setting up the same jurisdictional question that is presented in this petition to the superior court, and also filed a caveat to the will; that the ordinary entered orders, overruling this plea to the jurisdiction, finding against the caveat, probating the will in solemn form, and ordering letters testamentary to issue to the executor on his giving a $10,000 bond; that the plaintiff heirs at law entered appeals from these orders to the superior court where this suit was brought; that these appeals are undisposed of; that such appeals present the same questions as to lack of jurisdiction which are presented by the instant petition; that these plaintiffs and their counsel have participated and have been fully heard in the new proceedings to probate the will in solemn form; and therefore that all questions raised in this bill of exceptions from the order dismissing the petition on all grounds of demurrer have become moot. The plaintiffs filed what they designate as a "traverse and answer" to this motion to dismiss, in which, besides stating their legal contentions on the motion, they in effect admit the averments as to the filing of the new probate proceedings and their plea to the jurisdiction and caveat before the ordinary of Chattooga County, the adverse orders thereon, and their appeals therefrom to the superior court. However, they insist in their answer that such procedure does not preclude them from obtaining relief against the ordinary by requiring him to send a certified copy of the probate in common form to the ordinary of Polk County, pursuant to the Code, § 113-604; that although the appeals are pending and undisposed of in the superior court, they were and are entitled, on their equitable petition, irrespective of these and other facts, to a determination by the superior court of the jurisdictional question raised in their petition, to an injunction against the executor, restraining him from acting under the letters testamentary issued on the probate in common form, and to a decree setting aside and declaring void the order probating the will in common form and the grant of letters thereunder; and that the questions raised could not be moot as to the relief prayed against the ordinary, since he was not a party to the appeals.

JENKINS, Justice. ■ The motion to dismiss the writ of error, on the ground that all of the questions raised are now moot, must

be denied. Although it appears from the motion to dismiss and the answer thereto that substantially all of such questions, arising from the dismissal on general demurrer of the petition to the superior court of heirs at law for an injunction and other relief against an executor and the ordinary, also have been raised by appeals of these heirs from an adverse. decision of the court of ordinary to such superior court, the mere pendency of the appeals, undisposed of, does not render the case moot.

■ While a judgment of a court of ordinary probating a will in common form is not without limited effect, and after seven years becomes conclusive upon all persons not under disability (*Davison* v. *Sibley*, 140 *Ga.* 707, 709, 79 S. E. 855; Code, §§ 113-601, 113-605), yet until then it is "not conclusive upon any one interested in the estate adversely to the will, and such person may require proof in solemn form and interpose a caveat." *Hooks* v. *Brown*, 125 *Ga.* 122 (53 S. E. 583); Code, § 113-601. "There is no provision of law for the caveat of a will offered for probate in common form." *Johnson* v. *Ellis*, 172 *Ga.* 435 (158 S. E. 39); *Young* v. *Freeman*, 153 *Ga.* 827, 832 (113 S. E. 204); *Hensley* v. *Stamps*, 137 *Ga.* 114 (72 S. E. 898). The usual procedure is "for the complaining party at interest to make application to the ordinary for a citation to issue, calling on the propounder to prove the will in solemn form," and then, "if probate of the will in solemn form is refused, the effect is to set aside probate in common form and declare an intestacy." *Hooks* v. *Brown*, and *Johnson* v. *Ellis*, supra. Neither the mere acquiescence of next of kin in a probate in common form nor their call for proof in solemn form will preclude them from filing a caveat to the will when offered in solemn form. *Vance* v. *Crawford*, 4 *Ga.* 445 (2); *Gaither* v. *Gaither*, 23 *Ga.* 521 (3), 528.

■ The superior courts are not ordinarily empowered on equitable petition to set aside a previous probate of a will by a court of ordinary, or to pass upon the validity of a will, or to interfere with due administration already in progress in a court of ordinary, or to do more than determine the legality or proper construction of particular legacies. Code, § 37-403; *Butler* v. *Floyd*, 184 *Ga.* 447 (191 S. E. 460), and cit.; *Elliott* v. *Johnson*, 178 *Ga.* 384, 385-387 (173 S. E. 399), and cit.; *Trustees of the University of Ga.* v. *Denmark*, 141 *Ga.* 390 (2-a, b), 399-401 (81 S. E. 238);

*Turner* v. *Holbrook,* 145 *Ga.* 603 (89 S. E. 700) ; *Tudor* v. *James,* 53 *Ga.* 302. Notwithstanding such general principles, there is another and different rule of the Code, §§ 37-219, 110-710, that "the judgment of a court of competent jurisdiction may be set aside by a decree in equity, for fraud, accident, or mistake." The fraud in the procurement of such a judgment must have been actual and positive, done with knowledge, and not merely constructive fraud, committed in ignorance of the true facts. *Loyless* v. *Rhodes,* 9 *Ga.* 547 (3), 551; 15 R. C. L. 763; 34 C. J. 283, 471, and cit.; 3 Freeman on Judgments (5th ed.), 2569; Flood *v.* Templeton, 152 Cal. 148 (92 Pac. 78, 13 L. R. A. (N. S.) 579, 584). See also *Wallace* v. *Walker,* 37 *Ga.* 265, 276 (92 Am. D. 70). Thus, as an application of the rule as to the setting aside of a judgment for fraud, a superior court may set aside as void a judgment of the court of ordinary appointing an administrator, where "an allegation of fact in a petition to the court of ordinary, which [was] necessary to give the court jurisdiction, [was] known by the petitioner to be false," and therefore was "a fraud upon the court." *Hamilton* v. *Bell,* 161 *Ga.* 739 (132 S. E. 83), and cit.; *Neal* v. *Boykin,* 129 *Ga.* 676, 678 (59 S. E. 912, 121 Am. St. R. 237), and cit.; *Lester* v. *Reynolds,* 144 *Ga.* 143 (2) (86 S. E. 321); *Davis* v. *Albritton,* 127 *Ga.* 517 (56 S. E. 514, 8 L. R. A. (N. S.) 820, 119 Am. St. R. 352); *Croom* v. *Bennet,* 168 *Ga.* 178, 180 (147 S. E. 560); *White* v. *Roper,* 176 *Ga.* 180 (2) (167 S. E. 177); *Wallace* v. *Wallace,* 142 *Ga.* 408 (2) (83 S. E. 113); *Jackson* v. *Jackson,* 179 *Ga.* 696 (177 S. E. 591). In *Poullain* v. *Poullain,* 79 *Ga.* 11 (6) (4 S. E. 81), it was held: "When this case was before this court at a former term, on the same evidence as now appears in the record in respect to the discharge of the guardian as to one of his wards, it was held that matters short of actual fraud existed, which were sufficient to set aside the discharge; and there was no error, in another trial, in charging that such complainant claims that the discharge was procured by fraud on the part of the defendant, and is therefore an invalid judgment and no bar to her right of recovery in this case; and the fraud relied on to set aside said discharge is legal and not moral fraud; and that legal fraud does not impeach the honesty of the defendant, and may be proved by acts consistent with an intention on his part to do right." In the former decision

thus referred to (*Poullain* v. *Poullain,* 76 *Ga.* 420 (5-*a, b, c*), 447) it was held: "That concealment per se amounts to *actual* fraud when, from any reason, one party has a right to expect full communication of the facts from another, is a well-settled principle, recognized by both the civil and moral law." (Italics ours.) It thus appears that the effect and intent of the last Poullain decision was not to hold that *actual* fraud was unnecessary, but only to hold that the alleged concealment might amount to such fraud without imputing moral fraud or dishonesty to the guardian, as might have followed under the general rule in cases of actual fraud. But even if the last decision should be taken as a holding that actual fraud was unnecessary, but that constructive fraud would suffice without knowledge on the part of the person committing such fraud, such a holding must yield to the contrary earlier ruling in *Loyless* v. *Rhodes,* supra. It was there held: "An executor postponing a settlement with one of the legatees, under false pretences, and finally delivering over the entire estate to the other legatees, will not be protected for this mismanagement by his letters of dismission; it is a *fraud, in fact,* which will vitiate his discharge. . . We are bound to believe that the court was imposed on, or else it never would have sanctioned the wilful appropriation of this estate to five only of the six legatees to whom it belonged. Had the division been made in *ignorance* of the fact, the case would have been very different. As it is, we can view it in no other light than a fraud upon the rights of the complainants." (Italics ours.)

■ It is unnecessary here to decide whether the rule of the Code, § 37-403, as to the setting aside of a judgment even for actual fraud would obtain in a case such as this, where the mere ex parte and inconclusive action of the ordinary in probating a will in common form is sought to be set aside, as distinguished from the setting aside of a judgment exercising his ultimate authority, such as the appointment of an administrator, or whether the petitioner would be relegated to the usual legal and adequate remedy before the ordinary, calling for proof in solemn form, and there objecting to the jurisdiction. See, in this connection, *Arnold* v. *Arnold,* 62 *Ga.* 627, 635; *Godwin* v. *Godwin,* 129 *Ga.* 67 (3), 68 (58 S. E. 652); *Hungerford* v. *Spalding,* 183 *Ga.* 547, 550 (189 S. E. 2). It is unnecessary to determine such a ques-

tion, for the reason that the instant petition does not make it appear that the executor, who petitioned for the probate of the will in common form, knew that the allegations of fact in his application, necessary to give jurisdiction to the ordinary, were untrue; since the mere averment that "a fraud was perpetrated on the ordinary of [the] county by the untrue representation in said probate proceeding that [the decedent] was a resident of [that] county at the time of her death," is not the equivalent of a charge of falsity, which under the authorities would have been sufficient as implying "more than erroneous or untrue." Bouvier's Law Dictionary (Baldwin's Century ed.), 399, 1205; 3 Words & Phrases, 2654; 8 Words & Phrases, 7219; 2 Words & Phrases (2d), 442; 3 Words & Phrases (3d), 515. See *Neal* v. *Boykin, Davis* v. *Albritton, Wallace* v. *Wallace, Croom* v. *Bennet, White* v. *Roper,* and *Jackson* v. *Jackson,* supra. Especially would the rule here stated have application, where, under the facts shown on the motion to dismiss the writ of error and admitted in the answer thereto, the executor after the filing of the instant petition had himself actually brought proceedings before the ordinary to probate the will in solemn form, and the instant plaintiffs then filed a plea raising the present jurisdictional question, and it appears that their appeal from an adverse decision by the ordinary is now pending before the superior court which dismissed the instant petition.

■ The plaintiffs were not entitled to the other relief prayed for, by which they sought to require the ordinary who probated the will in common form to transmit it with the proof to the ordinary of the other county, where it was alleged that the decedent resided, by virtue of the Code, § 113-604, since that statute merely provides a convenient method for taking proof of subscribing witnesses before the ordinary of the county where the witnesses reside and the testator died, when death occurs out of the county of the testator's residence, and the statute has no application where, as here, the will has been probated in common form in the county where the proceedings purport to show that the testator actually resided.

■ Under the preceding rulings, the court properly dismissed on general demurrer the petition of the heirs at law against the executor and the ordinary.

*Judgment affirmed. All the Justices concur.*