**HEATH v. JONES.**

**No. 12205.**

Circuit Court of Appeals, Fifth Circuit.

June 10, 1948.

Rehearing Denied July 26, 1948.

Walter C. Cooper and Newell Jones, both of Atlanta, Ga., for appellant.

Wm. D. Thomson, of Atlanta, Ga., and J. L. Glover and Walter D. Sanders, both of Newnan, Ga., for appellee.

Before SIBLEY and LEE, Circuit Judges, and CHRISTENBERRY, District Judge.

SIBLEY, Circuit Judge.

The petition of William A. Heath to the district court, brought against R. O. Jones as propounder and executor of the will of Miss Lilla May Leigh, was dismissed on a motion presenting the grounds that the court had no jurisdiction of the subject matter, being the probate of a will and the administration of an estate thereunder, and that no claim was stated on which relief could be granted. Heath appeals.

The material facts set up by the petition are as follows: Heath, a citizen of Tennessee, is one of five heirs-at-law and next of kin of Miss Leigh, who died June 23, 1946, a resident of Coweta County, Georgia. Jones, a citizen of Georgia, filed in the Court of Ordinary of that County on July 1, 1946, a paper purporting to be her duly executed will, which nominated him as executor. The will was on that date probated in common form and letters testamentary issued to Jones. On July 3, 1946, Jones filed a petition in that court to probate the will in solemn form, alleging her heirs to be five persons, including Heath, and giving the address of each. Two were alleged to be residents of Georgia and three non-residents. Heath's address was put as Columbia, South Carolina, but in fact he had not lived there since 1940. The Court ordered that the heirs appear on Aug. 5, 1946, to show cause why the paper should not be admitted to probate in solemn form, and that a copy of the petition be personally served on the resident heirs, and that the non-resident heirs, including Heath, be cited by publication of notice in the Newnan Herald, the official organ of Coweta County in which notices of sheriff's sales were published, once a week for four weeks preceding Aug. 5. The newspaper was a weekly published in the County, with circulation of about 2725 copies. Jones,

though not so required by the court's order, mailed a copy addressed to Heath at Columbia, South Carolina, but it never reached Heath. One of the resident heirs appeared and filed a caveat to the probate, which was heard on August 9, and the will was probated in solemn form. An appeal was taken to the Superior Court which was dismissed by the caveator on a settlement in which $1,500 was paid, and the papers were returned to the Court of Ordinary on September 9th. The administration was then proceeded with, though it does not appear what was done with the estate. Heath did not learn of Miss Leigh's death till September 7th. It does not appear that he entered the Ordinary's Court at all, but brought this petition in the federal court on Dec. 31, 1946. He alleges his share of the estate exceeds $3,000, and that by reasonable diligence Jones could have ascertained his proper address. No fraud is asserted.

The legal theory of the petition is that the judgment of probate is void as to Heath for want of sufficient notice, both under the law of Georgia and under the due process clause of the Fourteenth Amendment; that if valid under the Georgia statute which requires personal notice of the proposed probate in solemn form to resident heirs, but only "such publication as will tend most effectually to give notice" to non-residents, there was a denial of equal protection under the Fourteenth Amendment; and in any event the judgment was due to accident or mistake and deprived Heath, without fault on his part, of a good defense to the will, to-wit, want of testamentary capacity in testatrix, for which relief in equity may be had in the Superior Court under Georgia Code, Sects. 37-219, 37-220.

The relief prayed is that Jones be directed to pay over to Heath one-fifth of the net estate, and be required to file in the Court of Ordinary an inventory of the estate and make annual returns of his acts and doings, (which were relieved from by the will), and give in the district court a bond (also waived by the will) and be prohibited from obtaining a dismissal by the Ordinary till he pays one-fifth of the net estate to Heath. Also that Jones be required, so far as Heath's interest is con-

cerned, to disregard as void every order and judgment of the Court of Ordinary, and that all deeds and transfers of any part of the estate be set aside and cancelled. Or that it be adjudicated that Miss Leigh died intestate as to Heath. Or that a declaratory judgment be given that all the judgments and orders in the Court of Ordinary are of no effect as to Heath, and that as to him Miss Leigh died intestate. Or that all such relief be given as to Heath only; and that there be a declaratory judgment that the Georgia law as to notice of probate is contrary to the Fourteenth Amendment.

By a long series of federal decisions it is established that generally probate matters such as the validity of a will and the administration of a decedent's estate are so far proceedings in rem as not to be among the "controversies" of which the district courts may be given jurisdiction under Article Three of the Constitution, and have been given jurisdiction under the statutes. See Broderick's Will, 21 Wall. 503, 22 L.Ed. 599; Farrell v. O'Brien, 199 U.S. 89, 25 S.Ct. 727, 50 L.Ed. 101; Sutton v. English, 246 U.S. 199, 38 S.Ct. 254, 62 L.Ed. 664, as to probate of wills; and Byers v. McAuley, 149 U.S. 608, 13 S.Ct. 906, 37 L.Ed. 867; Smith v. Jennings, 5 Cir., 238 F. 151, as to general administration of estates. Particular claims to or against the estate, however, may be decided in a federal court as controversies inter partes, the probate court being bound to recognize the judgment in its administration; Waterman v. Canal–Louisiana Bank Co., 215 U.S. 33, 43, 30 S.Ct. 10, 54 L.Ed. 80; Markham v. Allen, 326 U.S. 490, 66 S.Ct. 296, 298, 90 L.Ed. 256. In the last cited case the law is thus stated: "It is true that a federal court has no jurisdiction to probate a will or administer an estate * * *. But it has been established by a long series of decisions of this Court that federal courts of equity have jurisdiction to entertain suits 'in favor of creditors, legatees and heirs' and other claimants against a decedent's estate 'to establish their claims' so long as the federal court does not interfere with the probate proceedings or assume general jurisdiction of the probate or control of the property in the custody of the state court." Jurisdiction was there upheld to render a judgment that the Alien Property Custodian was entitled to receive the estate under administration after administration was finished, instead of the alien legatees. No question of the probate of the will was involved. The claim to the estate was made by virtue of the federal law giving it to the Custodian. Here the claim is heirship to one-fifth under the Georgia law. Under that law the owner of property may make a will, and it is provided: "A will shall take effect instantly upon the death of the testator, however long the probate may be postponed." Georgia Code, Sect. 113-105. If there is a valid will the heirs have no claim as such. Devisavit vel non is the first question to be decided. Every person having custody of a will must at once file it with the Ordinary of the County on pain of contempt, Sect. 113-610. The right to offer it for probate is in the executor if one is named. Sect. 113-614. Probate in common form may be made in vacation without notice on the testimony of a single witness and the will admitted to record, and the executor may begin to act under it, but this probate is not conclusive on anyone adversely interested. Sect. 113-601. It becomes conclusive on everyone except minors after seven years. Sect. 113-605. A formal probate in solemn form may be made on examination of all the witnesses to the will in term time and after notice to all the heirs at law, and is conclusive on all parties notified and on the legatees who are represented by the executor. Sect. 113-602. The kind of notice is fixed by Sect. 113-607 as personal to parties residing in the State and as to those non-resident or of unknown residence, "The court shall pass such order as to publication as will tend most effectually to give notice." "The court of ordinary shall have exclusive jurisdiction over the probate of wills." Sect. 113-603. More emphatic is Sect. 24-1901. "Courts of Ordinary have authority to exercise original, exclusive, and general jurisdiction of the following subject-matters: 1. Probate of wills." In Georgia, as generally elsewhere, the status of a paper as a will or no will is a question quasi in rem. Scarborough v. Long, 186 Ga. 412, 419, 197 S.E. 796; Strickland v. Peters, 5 Cir., 120 F.2d 53. In Georgia it must be decided by

the Court of Ordinary alone and cannot be raised in another court either before any probate at all, or after probate in common form or after probate in solemn form. In Tudor v. James, 53 Ga. 302, the will was attacked in equity long after probate and the bill dismissed, the court saying: "In our judgment the Superior Court in the exercise of its chancery powers has no jurisdiction to set aside the will of Tudor thus admitted to probate, or any clause thereof, but the jurisdiction to do that is vested exclusively in the Court of Ordinary. That is the court to which the complainant must go to have the will set aside, or any part thereof, and the probate thereof revoked." In Elliott v. Johnson, 178 Ga. 384, 173 S.E. 399, the attempt was to cancel in equity for fraud two purported wills which had not been probated, but it was held that the question was within the exclusive jurisdiction of the probate court. In Hooks v. Brown, 125 Ga. 122, 53 S.E. 583, the will had been probated in common form only. It was held that such probate concluded no one, but the only mode of attack was within seven years to go into the Court of Ordinary and require probate in solemn form and there interpose a caveat, because the Superior Court has no power to set aside a will which has been proven even in common form. The practice in the Court of Ordinary in calling for a probate in solemn form by one who wishes to attack the will is fully stated in 125 Ga. on page 130, 53 S.E on page 587. See also Abercrombie v. Hair, 185 Ga. 728, 731, 196 S.E. 447. In Furr v. Jordan, 196 Ga. 862, 27 S.E.2d 861, any function was denied a court of equity as to probating a will, and it was held that jurisdiction for another purpose would not draw to the Court jurisdiction over a matter of which another court has exclusive jurisdiction. Whether in a case of actual fraud in procuring a judgment of probate in solemn form a court of equity could act merely to set that judgment aside was not decided in Abercrombie v. Hair, 185 Ga. 728, 731, 196 S.E. 447, because no such fraud was alleged. No fraud whatever is alleged in the present case and no accident or mistake specified, unless as to the true address of Heath, and that mistake does not bear upon the merits of the judgment.

In Benton v. Turk, 188 Ga. 710, 722, 4 S. E.2d 580, it was held a probate in common form is binding on the heirs and not subject to collateral attack, and that heirs have no right to sue as such in the Superior Court until they set aside the probate by a proceeding in the Court of Ordinary. It is true that in some States, as Louisiana, a proceeding may be maintained in a court of general jurisdiction to annul the probate of a will by the probate court, and in such States in a proper case such suit may be entertained by the federal district court; Fakouri v. Cadias, 5 Cir., 147 F.2d 667, 669, 670; Sutton v. English, 246 U.S. 199, 38 S.Ct. 254, 62 L.Ed. 664. But we find no such split of the jurisdiction over probate in Georgia, where the Court of Ordinary stands like the County Court in Texas as dealt with in Sutton v. English. The express provision of Georgia Code, Sect. 37-701, is: "In all cases of fraud (except fraud in the execution of a will) equity has concurrent jurisdiction with the law." Thereby equity is again excluded as a forum in which to test the validity of wills.

 It may be that the judgment here attacked is void as to Heath for want of proper notice both under the State law and the Fourteenth Amendment. But if so, he is still faced by the probate in common form, and to escape it must move in the Court of Ordinary for a probate in solemn form. Until he disestablishes the will prima facie established he has no interest as heir, and he can ask in a court of equity no interference with the administration of the estate. His remedy is plain and adequate. He should enter the Court of Ordinary and set up the insufficiency of his notice, and move for a new probate in solemn form. If the notice is held insufficient, he will have a trial of the validity of the will before the only court that can try it. If the notice is held sufficient, the decision will be reviewable by the Supreme Court of the State, and on the federal question under the Fourteenth Amendment by the Supreme Court of the United States. The Court of Ordinary has ample power to conserve the estate, and require bond and returns by the executor, and otherwise control the administration pending the litigation. A federal court cannot thus interfere.

The district judge correctly held there was no jurisdiction in the federal court over the main subject matter, the probate of the will, and no jurisdiction in equity otherwise.

Judgment affirmed.