A94A0145. FREEMAN v. MOBLEY et al.
(444 SE2d 155)

COOPER, Judge.

Plaintiff, Sammy Freeman, and defendants, Justin Mobley and Mildred Knox, are beneficiaries under a will executed in October 1991 by the deceased. Plaintiff is also named as a beneficiary of a codicil executed in November 1992 by the deceased. Defendant Mobley filed a petition to probate the will of the deceased in common form and alleged in the petition that the codicil was not properly executed. Plaintiff filed a petition to compel probate of the will in solemn form, although that petition is not included in the record. Following a hearing on May 19, 1993, in the Probate Court of Richmond County, the judge probated the will in common form and denied probate of the codicil. On May 21, 1993, plaintiff filed a document captioned "Petition for Appeal to Superior Court to Set Aside Probate of Will in

Common Form and for Injunctive Relief." Defendants answered and moved to dismiss the petition on the grounds that it failed to state a claim upon which relief could be granted. After hearing evidence, the trial judge granted defendants' motion to dismiss. Plaintiff appeals that order.

There can be no appeal from the probate of a will in common form. *Henslee v. Stamps*, 137 Ga. 114 (72 SE 898) (1911). Plaintiff contends the trial court erroneously construed his petition as an attempt to appeal the judgment probating the will in common form. Plaintiff argues that his petition was for a de novo investigation of the decision of the probate court that refused to consider his petition to require that the will be probated in solemn form.

The record reflects that at the hearing in the probate court on defendants' petition to probate the will in common form, the judge acknowledged that plaintiff had filed a petition to require that the will be probated in solemn form. The judge stated that a probate in solemn form could not occur until all of the heirs had been determined. Counsel for defendant Mobley stated that he would file a petition to have the will probated in solemn form. After hearing evidence, the probate judge directed that the will be probated in common form and noted that after the heirs were determined, defendants could proceed with probate in solemn form. The record further reflects that plaintiff acquiesced to this procedure, but two days later filed a petition in superior court requesting that the order admitting the will to probate in common form be set aside. Contrary to plaintiff's argument, the record does not support his assertion that the probate court denied his motion to require that the will be probated in solemn form. Consequently, the order probating the will in common form being unappealable, *Henslee*, supra at 114, the trial court properly dismissed plaintiff's petition to set aside the probate in common form. *Abercrombie v. Hair*, 185 Ga. 728 (6) (196 SE 447) (1938).

*Judgment affirmed. Birdsong, P. J., and Blackburn, J., concur.*

DECIDED MAY 16, 1994.

*Brown, Hart & Grunewald, Kathy R. Grunewald, Carl C. Brown, Jr.*, for appellant.

*Walter P. Degenhardt, Bondurant, Mixson & Elmore, George W. Fryhofer III*, for appellees.