A02A2149, A02A2237. IN RE LYONS (two cases).
(578 SE2d 241)

MILLER, Judge.

Annie Re Lyons filed a petition to probate the will of Willie Canady in common form and a petition to probate the will of Marie Canady in common form. The trial court denied both petitions, which rulings Lyons appeals. Since there is no right to appeal a probate court's decision on a petition to probate a will in common form, we dismiss both appeals.

On April 3, 2002, Lyons petitioned the Probate Court of Fulton County to probate the will of Willie Canady in common form. See OCGA § 53-5-17 (a). That same day, she filed a similar petition to probate the will of Marie Canady. Denying both petitions, the probate court noted that the heir information listed in the two petitions was incomplete or inconsistent with information contained in earlier petitions to probate these same wills in solemn form. Cf. OCGA § 53-5-17 (b) ("The petition to probate a will in common form shall set forth the

same information required in a petition to probate a will in solemn form."). In Case No. A02A2149, Lyons has appealed the order regarding the Willie Canady will, and in Case No. A02A2237, she has appealed the order regarding the Marie Canady will.

*Henderson v. McVay*, 269 Ga. 7, 8 (1) (494 SE2d 653) (1998), addressed petitions to probate wills in common form and expressly held that "[t]here is no right to file a caveat to the probate of a will in common form *or to appeal the probate court's decision on the will.*" (Footnote omitted; emphasis supplied.) See *Hooks v. Brown*, 125 Ga. 122, 131 (53 SE 583) (1906); *Freeman v. Mobley*, 213 Ga. App. 240, 241 (444 SE2d 155) (1994) ("There can be no appeal from the probate of a will in common form. [Cit.]"). *Henderson* explained that if a common form petition is granted, the person wishing "to attack the will must apply to the probate court for a citation calling on the propounder to probate the will in solemn form and then file a caveat to that probate." (Footnote omitted.) 269 Ga. at 8 (1). On the other hand, if the petition is denied, "[t]he Probate Code does not specify a remedy when the probate court refuses to probate the will in common form." Id. In any case, no appeal is available since the probate court is rendering "no decision as to the validity of the will which can properly be made the subject-matter of an appeal." *Hooks*, supra, 125 Ga. at 131.

Accordingly, Lyons's attempts to appeal from the probate court's denials of her petitions to probate the two wills in common form are without jurisdictional basis. We therefore dismiss the two appeals.

*Appeal dismissed in both cases. Johnson, P. J., and Blackburn, P. J., concur.*

DECIDED FEBRUARY 11, 2003.

*Ham & Jenkins, Phillip B. Ham,* for appellant.
*Patricia A. Chandler, Willie J. Lovett, Jr., Overtis H. Brantley,* for appellee.