MATHEW CRAWFORD v. JOHN I. MILLER, ET AL.

1. **County Commissioners May Join with State in Construction of Levy to Protect State Property and County Road from Floods.**

    Under favor of Sec. 7483, G. C., county commissioners have the right to join with state officers in the construction of a levee for the protection of state property from damage from floods, where by so. doing they are able to accommodate the public by protecting a county road from overflow and injury.

2. **Property Owner Injured by Joint Construction of Levy by State and County has Adequate Remedy against County, Injunction Denied.**

    A property owner whose lands will probably be damaged by the construction of such a levee has an adequate remedy at law against the county commissioners, who in such a case would be joint tort feasors; hence, injunction does not lie upon the petition of such landowner against proceeding with the work.

    [Syllabus by the court.]

This action was brought by the plaintiff against the above named defendants, to obtain a. temporary restraining order restraining the defendants and each of them from building, erecting or. constructing a levee as described in the petition, until the final hearing of this cause, and upon the final hearing a perpetual injunction be granted as prayed for in the petition.

The plaintiff alleges that he is the owner of the real estate described in the petition; that the lands are farming lands of great value and adapted to the growing of corn, wheat, grass and other farm crops.

The defendant, Gilbert J. McKee, is the owner and in possession of the land described in said petition, and which land adjoins the lands of said plaintiff on the east and border on the Walhonding river hereinafter mentioned.

Plaintiff further avers that his said lands are bounded on the east by the land of said Gilbert J. McKee and on the south by the Walhonding river and Walhonding canal, which canal was abandoned by the state of Ohio about the year 1896.

The defendants, Henry Clark, J. C. Crile and J. H. Elder, are the duly qualified and acting county commissioners of Coshocton county, Ohio.

The said Walhonding river has an uninterrupted flow along its natural watercourse except for a dam in said river heretofore constructed and maintained by the state of Ohio and the department of public works of said state of Ohio. Said dam is known as the six mile dam in said Walhonding river. The abutments erected at each end of said dam as a protection and support therefor are several feet higher than the top of said dam, to-wit, about twelve feet, and the plaintiff's said land lies north and west of said dam; and said river flows in an easterly direction along said plaintiff's said land. The defendants, John I. Miller, as superintendent of the department of public works of the state of Ohio, and Ross Hamilton as superintendent of the construction of a certain levy, as officers of the department of public works of the state of Ohio, and Henry Clark, J. C. Crile and J. H. Elder, as commissioners of the county of Coshocton, Ohio, threaten and are about to erect and will build and construct a levy from the north abutment of said dam in a northwesterly direction across the lands of the said Gilbert J. McKee to a point on the southeast corner of the lands of said plaintiff, and will so construct said levee unless restrained by this court. Said levee so to be constructed by said defendants will extend to a height of four and three-tenths feet above the plaintiff's

Crawford v. Miller.

said lands at its lowest point; in case of a flood or sudden rise of the waters of said river it will cause said river or a part thereof to overflow plaintiff's said land before the same will flow over the levee erected by said defendants, and said levee will obstruct the natural flood channel of said river and cause said river to flow in a new and different flood channel on and over the lands of the plaintiff; that said defendants in constructing said levee are doing so without due process of law, without any license, sufferance, consent or agreement, contract or grant with or from the plaintiff, who is the owner in fee simple of said premises; and said defendants are so threatening to overflow and prepare said new flood channel without securing the right so to do by any process of law, and without making or paying to the owner thereof any compensation therefor by placing on it in the event of a flood in said river the burden of furnishing a channel for said flood water to pass through and over the land of said plaintiff, without said construction of said levee, which will improve the natural regular flow of said flood water, the land of the plaintiff would not be subject to said burden. A large part of said premises that are now well suited for the growing of said crops and which is and for a long time has been used therefor at great profit to the plaintiff, will by the erection of said levee be overflowed by the waters of said river and rendered unfit for growing corn, wheat, grass and other crops, and render said premises worthless for farm purposes; that the waters flow on in their natural course over the depression where defendants threaten to construct said levee, it spreads out over a large tract of one-half mile in width and again returns to the channel of said river without overflowing the lands of plaintiff; that said levee is permanent in its character and will obstruct the flow of the flood waters of said river in its natural flood channel and cause said waters to flow on and over said premises of plaintiff, to the irreparable damage of plaintiff; and plaintiff has no adequate remedy at law for the wrongs herein complained of.

The plaintiff prays that a temporary restraining order be allowed, etc., and upon the final hearing a perpetual injunction

be granted, etc. A temporary restraining order was granted by the probate judge of Coshocton as prayed for. Motion by defendants to the common pleas court to dissolve and set aside said temporary restraining order was granted and the plaintiff appeals to this court. Thereupon the defendants, the county commissioners of said Coshocton county, filed their answer in which they say in substance that they admit that plaintiff is the owner of the lands described in the petition; that a part of the Walhonding canal was abandoned as alleged in the petition; that they, Henry Clark, J. C. Crile and J. H. Elder, are the duly elected, qualified and acting commissioners of Coshocton county, Ohio. They further admit that a dam has been constructed and maintained by the state of Ohio as alleged in said petition, and they deny each and every other allegation.

Said commissioners further answering say that they have entered upon their journal an entry to the effect that $1,000 be paid to the state of Ohio, and the state of Ohio is to take care of a right of way for the levee proposed to be constructed by the state of Ohio; that said $1,000 be paid when the levee is completed; that said participation in the construction of said levee is considered by the commissioners of public importance, and that if said levee is not constructed that portion of the highway leading from Warsaw to Coshocton and beginning on the Wilson lands and running south toward Coshocton will be greatly damaged. They ask that said action as to them may be dismissed and that they be permitted to carry out their part of the construction of said levee.

The defendants, J. I. Miller and Ross Hamilton, on October 13, 1913, filed their joint answer alleging in substance that they admit the ownership of the lands by the plaintiff described in the petition. They say that a part of the Walhonding canal was abandoned by act of the legislature of the state of Ohio about the year 1896, and the remaining part of said canal is still maintained as a part of the public works of the state of Ohio. They admit that the said defendants, Clark, Crile and J. H. Elder, are the commissioners of Coshocton county; that the state of Ohio has constructed a dam in the Walhonding river

Crawford v. Miller.

in the vicinity of plaintiff's lands; that said dam is a part of the public works of the state of Ohio and is maintained to secure a supply of water for the Walhonding canal, which is owned and maintained by the state of Ohio; said dam has been constructed, used and maintained by the state of Ohio for such purposes for more than twenty-one years last past. They admit the abutments of said dam are several feet higher than the top of said dam. They deny each and every allegation in said petition not herein admitted to be true.

The defendant, John I. Miller, is the duly appointed, acting and qualified superintendent of the public works of Ohio, and as such superintendent has the charge and control of the maintenance and management of the dam mentioned in the petition; and as such superintendent as the agent of the state of Ohio and to protect and maintain said public works of Ohio, he is proposing to construct, to repair a certain levy on the north bank of the Walhonding river extending from the north abutment of said dam in a northwest direction for a distance of about 1695 feet. In such construction said John I. Miller is not acting in his individual capacity but as an official of the state of Ohio and under direction and authority of the general assembly and of the constitution of the state of Ohio. Said defendant, Ross Hamilton, is in the employ of the state of Ohio as superintendent of the construction of said levee. Defendants say for more than twenty-one years last past the state of Ohio has constructed, used and maintained a levee as a part of the public works along the north shore of said Walhonding river from the north abutment of said dam in a northwesterly direction; that a part of this levee was destroyed and washed away by the extraordinary flood of March, 1913; that by reason of this damage of said flood to said levee a large amount of the property of the state of Ohio, a large part of the public roads of Coshocton county, Ohio, and a large amount of farming lands situated north and northeasterly from said levee have been placed in jeopardy; that if this levee is not repaired before spring the property will be placed in danger and particularly by a sudden rise of the Walhonding river, which usually occurs

in the spring months of each year, and said Walhonding river will ultimately cut a new channel through said farming land.

Defendants say that said proposed new levee proposed to be constructed is to be so placed that the new channel of said river at this point will be greatly widened and the width of said river will be at least doubled. That the top of the proposed levee and the top of the former levee are of about the same level. The defendants specifically deny that said proposed levy will cut off the flood channel of said river and cause said river to seek a new channel over plaintiff's lands.

Plaintiff has an adequate remedy at law. They say that the floods of March, 1913, caused a large amount of damage of the public works of the state of Ohio throughout the state; that the department of public works was taxed to its utmost capacity to make such repairs as were immediately necessary; that it was necessary to secure a specific appropriation of money from the legislature to repair the levy herein mentioned; that the legislature appropriated the sum of $10,000 to repair said levee; that in order to estimate the amount of money needed measurements and surveys had to be made and were made; that after said appropriation was allowed it was necessary to make plans and specifications to reconstruct said levee and a complete survey of the ground was made; that after said plans and specifications were proposed and approved advertisements for bids were inserted in newspapers as required by law and bids received; that the bids so received were irregular and exceeded the appropriation and were rejected; that thereupon new bids were asked for and said bids also exceeded the appropriation and were therefore rejected.

Said measurements, sounding and surveys were made upon the land in question and were known to plaintiff and he made no objection thereto. Bids were advertised for in newspapers of general circulation in Coshocton county, Ohio, for said construction and it was generally known that said proposed levee was to be constructed, and plaintiff made no objection; that plaintiff has been guilty of laches and should not have the relief sought and prayed for in his petition.

Crawford v. Miller.

The plaintiff files replies to the joint answer of the defendant, John I. Miller, and others, also to the answer of the county commissioners, but they are in the nature of denials to the affirmative allegations of the answer. The plaintiff files an amendment to his petition, but these additional pleadings do not raise any new issues, and this brief reference to the replies and amendment to the petition are sufficient to present the questions arising in the case.

The case was submitted to the common pleas court upon the pleadings, evidence and exhibits, resulting in a finding and judgment for the defendants, and the temporary restraining order theretofore granted was dissolved and the petition dismissed at the cost of plaintiff.

An appeal was taken by the plaintiff to the court of appeals of this county and the same is submitted to the court on the pleadings, evidence and exhibits at the November term of said court.

*Thomas H. Wheeler* and *James Glenn,* for plaintiff.

*Timothy S. Hogan,* Atty.-Gen. *W. J. Wieland, Joseph L. McDowell* and *George D. Klein,* Pros. Atty. for defendants:

That plaintiff has an adequate remedy at law. *Hosher* v. *Fairfield Co. (Comrs.)* 32 O. C. C. 415 (14 N. S. 198); *Smith* v. *Wayne Co. (Comrs.)* 50 Ohio St. 628 [35 N. E. Rep. 796; 40 Am. St. Rep. 699]; *Wrightsel* v. *Fee,* 76 Ohio St. 529 [81 N. E. Rep. 975; 13 L. R. A. (N. S.) 233]; *Newton* v. *Taylor,* 32 Ohio St. 399; 38 Cyc. 485, 590; *Rice* v. *Coolidge* 121 Mass. 393 [24 Am. Rep. 279]; *Taylor Water Co.* v. *Dillard,* 9 Tex. Civ. App. 667 [29 S. W Rep, 662]; *Pickerill* v. *Louisville,* 125 Ky. 213 [100 S. W. Rep. 873]; *McGary* v. *Street Ry.* 85 Ill. App. 610; *St. Louis Bridge Co.* v. *Niller,* 138 Ill. 465 [28 N. E. Rep. 1091]; *Humphries* v. *Railway* 84 S. C. 202 [65 S. E. Rep. 1051]; *Richmond* v. *Mills Co.* 102 Va. 165 [45 S. E. Rep. 877]; *Brown* v. *Webster,* 115 Iowa 511 [88 N. W. Rep. 1070]; *Green* v. *State,* 73 Cal. 29 [11 Pac. Rep. 602; 14 Pac. Rep. 610]; *Simonson* v. *Richardson* 15 Dec. 33 (2 N. S. 170).

Injunction does not lie. High, Injunction (4 ed.) Sec. 22 *Spangler* v. *Cleveland,* 43 Ohio St. 526 [3 N. E. Rep. 365];

*Cincinnati* v. *Bowman* 12 Dec. Re. 125 (Han. 246); *Potter* v. *Schenck*, Fed. Cas. (1 Biss.) 515; *Batsche* v. *Kisinger-Ison Co.* 15 Dec. 30; *Cincinnati, C. & W. Tpk. Co.* v. *Hamilton Co.* (*Comrs.*) 7 Dec. 509 (5 N. P. 423); *Attorney-General* v. *Perkins*, 2 Dev. Eq. (17 N. C.) 58; *Hall* v. *Rood*, 40 Mich. 46 [29 Am. Rep. 528]; *Bigelow* v. *Bridge Co.* 14 Conn. 565 [36 Am. Dec. 502]; *Ruge* v. *Oyster Co* 25 Fla. 656 [6 So. Rep. 489]; *Cincinnati & D. Ry.* v. *Transportation Co.* 25 O. C. C. 117 (I N. S. 146); *Crawford* v. *Rambo*, 44 Ohio St. 279 [7 N. E. Rep. 429]; *Cooper* v. *Hall* 5, Ohio 320; *McElroy* v. *Goble*, 6 Ohio 187.

Defendants are required to anticipate ordinary and not extraordinary floods. *Crawford* v. *Rambo*, 44 Ohio St. 279 [7 N. E. Rep. 429]; *Welty* v. *Vulgamore* 24 O. C. C. 572 (1 N. S. 553); Farnham, Waters & Water Rights 361; *Bryston Hydraulic Co.* v. *Boyer*, 67 Ind. 236; *Madison* v. *Boss*, 3 Ind. 236 [54 Am. Dec. 481]; *Eagan* v. *Railway*, 81 Vt. 141 [69 Atl. Rep. 732; 16 L. R. A. (N. S.) 928; 130 Am. St. Rep. 1031]; *Cooper* v. *Williams*, 4 Ohio 253 [22 Am. Dec. 745]; *Philadelphia, W. & B. Ry.* v. *Davis* 68 Md. 281 [11 Atl. Rep. 822; 6 Am. St. Rep, 440].

## VOORHEES, J.

This action is brought by the plaintiff against the county commissioners of Coshocton county and the representative of the state of Ohio, as superintendent of the department of public works of the state, and Ross Hamilton, as superintendent of the construction of the levee mentioned in the petition, to enjoin them from constructing said levee. The object of the suit is to enjoin said commissioners and said officers of the department of public works of the state from making the improvements mentioned and described in the petition.

To state the case more accurately, it is a suit against the state of Ohio and the county commissioners of Coshocton county, to enjoin them from improving and protecting the property of the state, and to enjoin the county commissioners from protecting some, or in protecting at least one, of the public

highways of the county from danger and injury from flood waters in the Walhonding river.

At the very threshold of the investigation the first question that confronts us is, Can such a suit be maintained against the state or its officers? It will be conceded, no doubt, that the state can not be sued in an action of this kind. If the state does a wrong or commits an act in improving its property, such as its canals, the remedy is not by injunction. But under Sec. 455 of the act of the general assembly of Ohio, passed March 5, 1913, and approved by the governor March 19, 1913 (103 O. L. 125), wherein it is provided:

"That when private property is injured by a break, leakage, overflow of a canal, slack water, pool, reservoir or other public work, or by the insufficiency or by the filling up of a culvert thereof, or by the washing away of earth caused by a dam under the control of the superintendent of public works, the owner of such property shall apply in writing to the superintendent of public works for damages within one year from the occurrence of the injury, but no such application shall be received after such period."

Sections 457, 458 and 459 of said act point out the proceeding and remedy secured to the property owner, which shows the remedy is not by injunction and that the owner of property claimed to be damaged has a remedy under the statute stated which gives him a complete and adequate remedy at law. If the state can not be sued, what effect has it in a case where there are joint tort feasors, one of whom can not be sued? Does it change the rule of law that, where there is not an adequate remedy at law, resort can be had in a court of equity by way of injunction to prevent an act being done that is claimed to be an invasion of the rights of the party complaining?

In this case the county commissioners have joined the authorities of the state in constructing the levee contemplated. Their reason for so doing is to protect one of the public highways of the county from injury from the flood waters of the Walhonding river at times of floods in the river.

The commissioners have the legal right to make levees or

embankments to protect public highways. Section 7483 G. C. provides when county commissioners shall build embankments, etc.:

"When a principal public road in a county, except a turnpike road over which tolls are collected, is subject to overflow or inundation so as to render it at any time unfit for public travel, or hinders free and necessary transportation, the commissioners of such county may repair or reconstruct said road by changing the beds of small streams to avoid crossing, changing roads to avoid bridges when the public travel would be better accommodated, or build an embankment or levee sufficiently elevated above all such overflows or inundations; the expense of such embankment, changes or levee shall be paid out of the money in the county treasury raised by taxation for road or bridge purposes."

Under favor of this section of the General Code, we think the commissioners had the right to join the state officers in constructing the levee in question, if it would better accomodate public travel from the overflows or inundations of the same from the flood waters of said river.

The fact that the state can not be sued, may render the county liable for any damage to the private owner of lands who is damaged by the improvement; or if the state is exempt, this fact will not exempt the commissioners from liability to the party injured. If said improvement is wrongfully made by the commissioners, or, in other words, the remedy at law is not destroyed by such condition, it is contended by the plaintiff that by constructing this levee as planned and intended by the state, assisted by the commissioners, it will and has interfered with the flow of the waters of said river, and by interfering with the natural flow thereof, the lands of plaintiff are and will be damaged, and to avoid such damage this action brought to restrain and enjoin the defendants from constructing or maintaining such levee or improvement.

The levee may not be in the nature of a permanent improvement, one that could not be removed if it were unlawfully constructed; neither is it a case where the damage to plaintiff's land, if any, is complete when the improvement is completed. It

Crawford v. Miller.

is not a case of injury that could not be abated by the removal of the levee. Then the question is presented, Is it such an action that the plaintiff would have an adequate remedy at law, under the act hereinbefore cited from 103 O. L. Secs. 455, 459 and 449?

The last section cited contemplates a trial by jury under certain conditions, but what right the plaintiff may have as to damages against the state for constructing this levee or whether he has any right to damages against the state the court is not called upon to decide. The question here presented is as to the right of the plaintiff to maintain a suit for injunction against either the state or the county commissioners restraining them from constructing the levee mentioned in the petition.

That a court can not and will not interpose to control the discretion of public officers in the absence of evidence of bad faith or corrupt and malicious motives is too well settled in Ohio to be controverted. We think the commissioners have the right to join with the state or to act alone in constructing this levee, acting in good faith for the purpose of protecting one of the public highways of the county. If it were necessary for the benefit of the public to construct this levee to protect the highways leading from Warsaw to Coshocton from the flood waters of the Walhonding river, the commissioners, under the section of the General Code above cited, have the right to do so. If by so doing the plaintiff should be damaged, the county may be liable and may be required to make him whole for whatever injury he has sustained by reason of the improvement. We think there is no question but the commissioners have the right to make or to join the state in constructing and maintaining this levee across the flood channel of the Walhonding river at the place and in the manner proposed and intended by the officers of the state for the protection of the state's property, including the dam in the river, known as the six mile dam, and if the commissioners believe the public highway described in their answer will be improved and benefited and protected from the flood waters, they have the right so to do, and they can not be enjoined from making the improvement or maintaining said levee.

We have been greatly aided in this discussion by the able and exhaustive brief of the attorney-general and his assistants by giving the authorities cited therein touching the question involved in this acton.

Without pursuing the discussion further, we are unanimimous in the opinion that the plaintiff's action for an injunction or restraining order as prayed for can not be maintained, and we find the issues in favor of the defendants.

The petition of plaintiff is dismissed at his costs and if the temporary restraining order as heretofore allowed is still in force the same is dissolved.

**Powell** and **Shields, JJ.,** concur.