## 46408. WARDLAW v. HUFF.
(376 SE2d 366)

GREGORY, Justice.

The parties are sister and brother who have not been on good terms for many years. Over thirty years ago their parents gave property to each of them on which they constructed personal residences. Following their father's death, their mother acquired title to approximately eighty acres of land which adjoins appellant's property. Appellant constructed a commercial ceramic shop behind her house which encroached on her mother's property by forty-one inches. Additionally, she used, with her mother's permission, a portion of her mother's property for a parking lot adjacent to the ceramic shop.

In an effort to reconcile the parties, their mother made them co-executors of her will. After bequeathing certain items of personal property, the will instructed the executors to "sell all the rest and residue of my property. . .both real and personal, as soon as practicable after my death. . ." The proceeds from this sale were to be divided equally between the parties. Following her mother's death the appellant refused to sell the property which adjoined her own residence, maintaining the parties should wait until land prices rose.

Subsequently appellant filed an action for declaratory judgment[1] against appellee, individually and as co-executor of their mother's estate, seeking a determination that under Item V of the will she, rather

---

[1] This action terminated in favor of appellee, but is not a part of the appeal before us.

than the estate, was entitled to the property she used as a parking lot. Item V provides,

> If my daughter, Helen Wardlaw's ceramic shop is located on any portion of the real estate of which I may die possessed, I give, bequeath and devise that part of my real estate to her before the sale or distribution of any of my real estate so that there will be no title problem with her shop or the real estate upon which the building is located.

Appellant also asserted a claim of adverse possession to the parking lot, which she later abandoned. Further, she sought damages against appellee for allegedly trespassing on the property which she claimed under Item V.

Appellee then moved the probate court to remove appellant as co-executor, alleging she had breached her duty to the estate by refusing to sell property according to the terms of the will, and that her personal interests conflicted with the interests of the estate. The probate court revoked appellant's letters testamentary.

On appeal the superior court found that appellant had breached her duty to the estate, and affirmed the judgment of the probate court.

1. Appellant first argues that the trial court erred in denying her a jury trial in this case. However, the trial court's order states that the parties agreed to a bench trial rather than a trial by jury. Appellant has pointed to nothing in the record which indicates the contrary.

2. Where the personal interests of the representative of an estate conflict with the interests of the estate it is within the discretion of the probate judge, or in the discretion of the jury or judge acting as jury on appeal, to remove the representative. *Fountain v. Cabe*, 242 Ga. 787 (2) (251 SE2d 529) (1979); *Patterson v. Patterson*, 208 Ga. 17 (2) (64 SE2d 585) (1951); Redfearn, Wills and Administration in Ga., § 270, p. 230 (5th ed.) Here appellant filed a lawsuit in which she maintained that she, rather than the estate, was entitled to certain property, thus asserting a personal claim which conflicted with the interests of the estate. We hold that the trial court acted within its discretion in removing the appellant as co-executor.

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 23, 1989.

*Gleason & Davis, Frank M. Gleason, John W. Davis, Jr.*, for appellant.

*Christopher A. Townley*, for appellee.