A03A0742. In re ESTATE OF MORIARTY.
(585 SE2d 182)

RUFFIN, Presiding Judge.

Edward Moriarty named his wife, Catherine Moriarty ("Moriarty"), as executor in his will. After Edward's death, his daughter, Maureen Moriarty Weare ("Weare"), filed a caveat, petitioning to have Moriarty disqualified as executor. The probate court granted the caveat, disqualified Moriarty, and appointed Weare as executor. On appeal, Moriarty argues that the probate court lacked jurisdiction to rule upon the caveat because the will was probated in common form. She also asserts that the probate court erred in disqualifying her as executor. For reasons that follow, we affirm.

1. According to Moriarty, a probate court lacks jurisdiction to disqualify the executor of a will probated in common form. We disagree.

Moriarty's argument stems from a line of cases holding that "[t]here is no provision for caveat or other objection to a probate in common form."[1] In looking at the genesis of this rule, it seems that the prohibition is against challenging the validity of the will itself. Specifically, in *Hooks v. Brown*, which appears to be the first case that enunciated the rule, the Supreme Court held that

the ordinary is without jurisdiction to entertain a caveat interposed by an objecting party or to pass upon the issue of devisavit vel non, attempted to be raised thereby, at this stage of the proceedings, and, of course, can render no decision as to the validity of the will which can properly be made the subject-matter of an appeal.[2]

Translated into modern vernacular, this means that a probate court lacks jurisdiction to address a challenge to the validity of a will pro-

---

[1] *Jones v. Dean*, 188 Ga. 319, 326 (3) (3 SE2d 894) (1939); see also *Abercrombie v. Hair*, 185 Ga. 728, 731 (2) (196 SE 447) (1938); *Johnson v. Ellis*, 172 Ga. 435 (158 SE 39) (1931); *Hooks v. Brown*, 125 Ga. 122, 131 (53 SE 583) (1906).

[2] Id.

bated in common form.[3] The proper method for challenging the validity of such will is to petition the probate court to probate the will in solemn form.[4] If the petition is denied, "the effect is to set aside probate in common form and declare an intestacy."[5]

Although termed a caveat, Weare's petition does not challenge the validity of the will. Rather, Weare merely challenges Moriarty's ability to serve as executor. And OCGA § 53-7-55 clearly permits such challenge to be raised before the probate court.[6] Thus, Moriarty's contention that a probate court lacks jurisdiction to address this issue is without merit.

2. In a related enumeration of error, Moriarty contends that the probate court erred in disqualifying her as executor. Again, we disagree.

"[A] probate court has broad discretion to remove an executor or administrator."[7] On appeal, the relevant question is whether the "court had grounds to conclude that there was 'good cause' for the removal."[8] We review a probate court's order removing an executor under an abuse of discretion standard.[9]

Under the terms of the will, Moriarty is not a beneficiary.[10] Rather, Edward Moriarty's estate is to be put into a trust, of which Weare is the primary beneficiary.[11] Evidently, Moriarty and her husband maintained a joint account, and Moriarty claims that the funds in the account are not part of the estate, but belong to her by right of survivorship. The probate court found that Moriarty's claim demonstrated a conflict of interest "such that she could not reasonably be expected to fully and without prejudice investigate the circumstances of the placement of the same funds and property into joint tenancy with right of survivorship to determine the claim, if any, of the Estate to any such property."

According to Moriarty, "[t]he Probate Court erred in ruling that the mere fact that the deceased maintained joint and survivorship accounts with his wife ipso facto disqualified the wife from service as

---

[3] We note that a "caveat to will," is defined, in part, as "[a]n attack on [the] validity of [an] alleged will." Black's Law Dictionary (4th ed. 1968), p. 281.

[4] See *Abercrombie*, supra at 731.

[5] (Punctuation omitted.) Id.

[6] See OCGA § 15-9-30 (a) (3) (probate courts have jurisdiction over "[a]ll controversies in relation to the right of executorship or administration").

[7] *In re Estate of Davis*, 243 Ga. App. 58, 60 (1) (532 SE2d 169) (2000).

[8] Id. at 63.

[9] See *In re Estate of Zeigler*, 259 Ga. App. 807 (578 SE2d 519) (2003).

[10] The will states that Moriarty "has been provided for otherwise."

[11] Although the probate court evidently conducted a hearing, the hearing was not transcribed. In its order, the court found that Weare was sole heir and primary beneficiary of the estate. Without a transcript, we presume that the evidence supports this finding. See *Boles v. Lee*, 270 Ga. 454, 455 (2) (511 SE2d 177) (1999).

Executrix." However, the probate court did not disqualify Moriarty merely because she maintained a joint account with her husband. Rather, the court disqualified her because she claims entitlement to funds in that account, which may belong to the estate. As Moriarty is not a beneficiary under the will, the trial court concluded that a conflict existed. Under these circumstances, we cannot say that the probate court abused its discretion in removing Moriarty as executor.[12]

*Judgment affirmed. Smith, C. J., and Miller, J., concur.*

DECIDED JULY 9, 2003.

*Jones, Cork & Miller, Hubert C. Lovein, Jr., Smith, Hawkins, Hollingsworth & Reeves, G. Boone Smith III*, for appellant.

*Anderson, Walker & Reichert, Albert P. Reichert, Jr., Robert A. Reichert*, for appellee.


---

[12] See *Wardlaw v. Huff*, 259 Ga. 1, 2 (2) (376 SE2d 366) (1989).