**SECOND DIVISION**
**BARNES, P. J.,**
**MILLER and RAY, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

December 13, 2013

# In the Court of Appeals of Georgia

A13A1939. IN RE: ESTATE OF FARKAS

MILLER, Judge.

In his will, Sam Farkas named his brother Leonard Farkas as the executor of his estate and his daughter Lorie Farkas Van Linden as successor executor. Farkas also made a codicil stating that the executor was not to receive any fees for work done as executor of the estate. Following Sam's death, Lorie filed a petition to probate the will and codicil in solemn form. In the petition, Lorie asked to be appointed as executor, rather than Leonard, because his involvement in several suits against the estate and money he owed to the estate created conflicts of interest. Following a hearing, the probate court entered an order admitting the will to probate and appointing Lorie as the executor, finding that there were grounds upon which to question Leonard's fitness to serve in that capacity. Leonard appeals from that ruling.

1. Before turning to the merits of Leonard's appeal, we must first examine this Court's jurisdiction over this appeal. "It is the duty of this Court on its own motion to inquire into its jurisdiction." (Citation and punctuation omitted.) *Cooper v. Spotts*, 309 Ga. App. 361 (1) (710 SE2d 159) (2011).

The Constitution of the State of Georgia of 1983, Article VI, Section VI, Paragraph III (3), confers upon the Georgia Supreme Court jurisdiction in "[a]ll cases involving wills." The Georgia Supreme Court has interpreted this language to mean only those cases where the validity or construction of a will is the main issue on appeal. See *In re Estate of Lott*, 251 Ga. 461 (306 SE2d 920) (1983). Here, the issue on appeal concerns the appointment of the executor, and does not concern the validity or construction of the will. Therefore, we have jurisdiction over the appeal. See *Darnell v. Tate*, 209 Ga. 23, 26-27 (64 SE2d 582) (1951) (transferring appeal to this Court because the issue on appeal concerned appointment of executor).

2. In several enumerations of error, Leonard, representing himself,[1] generally contends that the trial court erred in appointing Lorie as the executor and finding that he was unfit to serve in that capacity.

[1] Leonard is admitted to practice law in the State of Georgia.

"Unless adjudged unfit, nominated executors shall have the right to qualify in the order set out in the will." OCGA § 53-6-10 (b); see also *In re Estate of Bagley*, 239 Ga. App. 877, 879 (1) (522 SE2d 281) (1999) (probate court is not required to appoint a named executor). Generally, a probate court has broad discretion in the disqualifying a named executor. See *In re Estate of Moriarty*, 262 Ga. App. 241, 242 (2) (585 SE2d 182) (2003). We review a probate court's determination regarding whether one is fit to serve as an executor for an abuse of discretion. See id. On appeal, the relevant question is whether the probate court had grounds to conclude that there was good cause for its determination to disqualify an executor. Cf. id. (good cause must be shown to remove executor). "Where the personal interests of the representative of an estate conflict, or might conflict, with the interest of the estate or the beneficiaries, such fact may be sufficient grounds for removal. We will not set aside the probate court's findings of fact unless the findings are clearly erroneous." (Punctuation and footnotes omitted.) *Ray v. Nat. Health Investors, Inc.*, 280 Ga. App. 44, 50-51 (5) (633 SE2d 388) (2006).

Here, although the probate court conducted an evidentiary hearing on Lorie's petition, including her request to disqualify Leonard as executor, the hearing was not transcribed. In his enumerations of error, Leonard generally argues that the evidence

introduced at the hearing did not support the trial court's findings. Since our review of Leonard's claims would require us to review the evidence submitted at the hearing, which we are unable to do, we must affirm.

> When a transcript of the evidence is necessary, as it is here, and the appellant omits it from the record or fails to submit a statutorily authorized substitute, we must assume that the evidence supported the grant of [relief]. As the appellant[, Leonard] had the burden to affirmatively show error by the record. This [he] failed to do.

(Citation, punctuation, and footnote omitted.) *Jackman v. LaSalle Bank, N.A.*, 299 Ga. App. 894, 896 (1) (683 SE2d 925) (2009). Accordingly, this case is affirmed because, in the absence of a transcript, we must assume that the evidence adduced at the hearing supported the trial court's findings. *Murray v. Hooks*, 313 Ga. App. 485, 485-486 (722 SE2d 82) (2011).

*Judgment affirmed. Barnes, P. J., and Ray, J., concur.*