**FOURTH DIVISION**
**DOYLE, P. J.,**
**MILLER and DILLARD, JJ.**

.

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**July 15, 2014**

# In the Court of Appeals of Georgia

A14A0037. IN RE: ESTATE OF LOYD.

MILLER, Judge.

In March 2012, Charles Bentley Childs, Sr., as executor, filed a petition to probate Virginia Childs Loyd's last will and testament, as well as her codicil to the will. Loyd's nephew, Jack Childs, filed an untimely caveat, objecting to the petition on the ground of undue influence. Charles moved to dismiss the untimely caveat, and Jack responded with a motion to open default pursuant to OCGA §§ 15-9-47 and 9-11-55 (b). The trial court granted Charles's motion to dismiss, and Jack appeals, contending that the trial court erred in dismissing his caveat as untimely, failing to grant him an extension to file a caveat and denying his motion to open default. For the reasons that follow, we affirm.

1. Before turning to the merits of Jack's appeal, we must first examine this Court's jurisdiction over this appeal.

> It is the duty of this Court on its own motion to inquire into its jurisdiction. The Constitution of the State of Georgia of 1983, Article VI, Section VI, Paragraph III (3), confers upon the Supreme Court of Georgia jurisdiction in all cases involving wills. The Supreme Court of Georgia has interpreted this language to mean only those cases where the validity or construction of a will is the main issue on appeal.

(Citations and punctuation omitted.) *In re Estate of Farkas*, 325 Ga. App. 477, 478 (1) (753 SE2d 137) (2013). Here, the issues on appeal concern the timeliness of the caveat and whether Jack was entitled to open default. Since the issues do not concern the validity or construction of the will or codicil, we have jurisdiction over the appeal. Id.

2. Jack first contends that the trial court erred in dismissing his caveat as untimely. We disagree.

OCGA § 15-9-47 provides for automatic default in pending probate court proceedings if an answer, caveat, or other responsive pleading has not been filed within the time required by law or by lawful order of the court. Nevertheless, at any

2

time before final judgment, the probate court, in its discretion, and upon payment of costs

> may allow the default to open for providential cause preventing the filing of required pleadings or for excusable neglect or where the judge, from all the facts, shall determine that a proper case has been made for the default to open, on terms to be fixed by the court. In order for the default to be thus opened, the showing shall be made under oath, shall set up a meritorious defense, shall offer to plead instanter, and shall announce ready to proceed with the hearing in the matter.

OCGA § 15-9-47. We will not disturb the probate court's ruling on a motion to open default, absent an abuse of discretion. See *Simmons v. Harms*, 287 Ga. 176, 178 (1) (695 SE2d 38) (2010) (probate court has discretion with regard to motions to open default under OCGA § 15-9-47).

So viewed, the record shows that Loyd executed her will in 1996, devising her property in equal shares to her sisters, Doris Richwine and Eugenia Pitts, her brothers, Charles and Mobley Childs, and her nephew, Jack Childs. The will also named Jack as Loyd's personal representative. In October 2004, Loyd executed a codicil to her will, in which she appointed Charles as her personal representative to administer the will. In the codicil, Loyd also specifically provided that "it is my wish and desire that my nephew, Jack D. Childs, not inherit under any paragraph or provision of my Will."

3

Loyd died on December 24, 2011. Thereafter, on March 30, 2012, Charles filed a petition to probate the will and codicil. On April 3, 2012, the probate court entered an order requiring personal service on two of Virginia's nephews who resided in Georgia – Dr. Samuel Richwine and Joseph Richwine. The order also required service by registered or certified mail on Virginia's sister Eugenia Pitts, and her nephews, Jack Childs and David Richwine, who all lived out of state. That same day, the probate court also entered an order requiring Jack, David and Eugenia to file any objections to the petition within 13 days or within 10 days from the date of receipt as shown on the certified or registered mail return receipt.

A copy of the petition to probate was sent by certified mail to Jack at his residential address in Carlsbad, California. On April 9, 2012, the copy was delivered to Jack's residence and was signed for by his wife, Barbara. Thereafter, on April 23, 2012, Jack filed a caveat and objection to the petition to probate, contending that the 2004 codicil was "fraudulently procured through undue influence."

On January 17, 2013, Charles filed a motion pursuant to OCGA § 53-11-10 to dismiss Jack's caveat as untimely filed. On February 19, 2013, Jack responded to the motion to dismiss, and filed a separate motion to open default for failing to file a timely caveat.

4

Jack attached an affidavit to his motion to open default, averring that he was away from his residence on an overseas business trip from April 7 through April 18, 2012. Jack further averred that he had no actual notice of the petition to probate until he examined his mail on April 19, 2012, and he filed his caveat as soon as he was able to on April 23, 2012.

The probate court subsequently granted Charles's motion to dismiss Jack's caveat, finding that the deadline for Jack to file an objection to the petition to probate was April 19, 2012 (ten days from the April 9 date shown on the certified mail return receipt), and Jack did not move to open default during the 15 days in which he could have opened default as a matter of right. The probate court further found that Jack was aware of the timeliness issue because Charles included language in his responses to Jack's discovery requests about not waiving the right to raise and challenge the timeliness of the caveat. Finally, the probate court found that Jack failed to explain why he waited more than ten months before filing his motion to open default, and he failed to show excusable neglect, providential cause or a proper case to open default.

Contrary to Jack's contention, the trial court did not err in dismissing his caveat as untimely.

The nature of the probate court's discretion regarding the timing of responses to petitions to probate . . . is statutory. OCGA § 53-11-5 provides, in relevant part: The probate judge may extend the time to respond with respect to any proceedings covered by this chapter as the judge may determine to be proper in the interests of due process and reasonable opportunity for any party or interest to be heard. OCGA § 53-11-10 (a) further states: Except as otherwise prescribed by law or directed by the judge pursuant to Code Section 53-11-5 with respect to any particular proceeding, the date on or before which any objection is required to be filed shall be not less than ten days after the date the person is personally served.

(Punctuation omitted.) *English v. Ricart*, 280 Ga. 215, 216 (1) (626 SE2d 475) (2006). Here, in accordance with OCGA § 53-11-10 (a), the probate court's order required Jack to file his objection to the petition to probate no more than 13 days from the April 3, 2012 date of mailing of the notice or within 10 days from the April 9, 2012 date of receipt of notice as shown on the certified mail return receipt.

Jack admits that he was a resident of the State of California when the notice of the probate court's order was received at his residence by certified mail on April 9, 2012. Jack nevertheless argues that the trial court should have allowed him 30 days to file his caveat because he was temporarily out of the country on a business trip.

6

Although OCGA § 53-11-10 (a) provides for a 30-day objection period for persons who are outside the continental United States, the only reasonable interpretation of that statute is one in which the extended 30-day objection period applies to persons residing outside the continental United States. There is no dispute that Jack was served within the continental United States. Moreover, this Court has previously upheld service on a defendant at his residence by handing a copy to the defendant's wife, even though the defendant was temporarily working outside the country. See *Goldberg v. Painter*, 128 Ga. App. 214 (196 SE2d 157) (1973). Jack cites to no authority, and we have found none, providing that his temporary absence from his California residence entitled him to additional time to file his caveat. Accordingly, the trial court did not err in dismissing Jack's caveat as untimely filed.

3. Jack also contends that the trial court erred in denying his motion to open default. We discern no error.

Pursuant to OCGA § 15-9-47, the probate court had discretion to open default for providential cause or excusable neglect prior to admitting the will and codicil to probate. In reviewing the probate court's decision on a motion to open default, "we must determine whether all the conditions set forth in OCGA § [15-9-47] have been met and, if so, whether the [probate court] abused its discretion based on the facts

7

peculiar to [this] case." (Citation and punctuation omitted.) *Vibratech, Inc. v. Frost*, 291 Ga. App. 133, 144 (2) (661 SE2d 185) (2008).

> [T]his Court has recognized a number of factors for determining whether opening default would be appropriate in a particular case, including: whether and how the opposing party will be prejudiced by opening the default; whether the opposing party elected not to raise the default issue until after the time under OCGA § 9-11-55 (a) had expired for the defaulting party to open default as a matter of right; and whether the defaulting party acted promptly to open the default[.] . . . Further, any additional delay occasioned by a failure to file promptly for opening default upon its discovery can be considered in determining whether [the defaulting party's] neglect was excusable.

(Citation omitted.) *Vibratech*, supra, 291 Ga. App. at 145 (2).

Here, it is undisputed that Jack did not move to open the automatic default as a matter of right within the 15 days provided under OCGA § 9-11-55. Moreover, the record shows that Jack waited more than ten months, until February 19, 2013, to move to open the default, even though he had notice at least as early as November 2012 that Charles had reserved the right to raise and challenge the timeliness of Jack's caveat.[1] Finally, as the trial court found in its order denying Jack's motion to

---

[1] Jack argues that Charles buried the statement regarding the reservation of his right to raise and challenge the timeliness of the caveat in prefactory language to his

8

open default, Jack failed to provide a reasonable excuse for the delay in filing his motion to open default, particularly after he had notice that Charles might challenge the timeliness of the caveat. Accordingly, Jack cannot show that the probate court abused its discretion in denying his motion to open default. See *Vibratech*, supra, 291 Ga. App. at 146 (2).

4. In light of our holding in Divisions 2 and 3 above, we need not address Jack's additional enumeration of error.

*Judgment affirmed. Doyle, P. J., and Dillard, J., concur.*

---

discovery responses. Our review of these discovery responses, however, shows that the reservation of rights was clearly and expressly set out on the first page of each responsive pleading.