# Court of Appeals
# of the State of Georgia

ATLANTA,  September 04, 2024

*The Court of Appeals hereby passes the following order:*

## A24A1672.  SAMANTHA MICHELLE BRANDON v. JAMES ALLAN BRANDON.

This appeal arises out of two cases brought in the Superior Court of Coweta County: (1) a divorce action commenced by Samantha Michelle Brandon ("wife") against James Allan Brandon ("husband"); and (2) a petition filed by the wife seeking a protective order against the husband under the Family Violence Act ("family violence action"). The divorce action was assigned Civil Action File Number 2022-V-1194 in the superior court, while the family violence action was assigned Civil Action File Number 2023-FV-29. The two cases were consolidated and assigned to the same superior court judge.

On February 29, 2024, the superior court entered a final judgment and decree of divorce in the divorce action. In the same order, the superior court denied the wife's motion for a directed verdict on her petition for a protective order and dismissed the family violence action. The trial court incorporated a protective order into its February 29 order that was more narrow than the order sought by the wife. The February 29 order referenced two separate evidentiary hearings that had occurred and which were relied upon by the superior court:  a hearing in the family violence action conducted on September 28, 2023, and a hearing in the divorce action conducted on October 12, 2023.

The wife now appeals from the February 29 order, asserting that the superior court abused its discretion in finding that it would be in the best interest of the

couple's minor child to award the husband custodial time, in light of the evidence heard by the court that the husband committed acts of family violence and sexually molested his two stepdaughters. The wife also contends that the superior court erred in considering certain investigative reports and making particular evidentiary rulings, in dismissing the family violence action, and in incorporating a new protective order into the February 29 order. Lastly, the wife argues that the superior court violated the Code of Judicial Conduct in the manner in which she presided over the cases.

In her notice of appeal from the February 29 order, the wife referenced both civil action file numbers, requested that nothing be omitted from the record on appeal, and stated that the transcripts had been requested by counsel and would be filed for inclusion in the appellate record. However, the appellate record transmitted to this Court includes only the record and October 12, 2023 hearing transcript for the divorce action assigned Civil Action File Number 2022-V-1194. The appellate record does not include the record or September 28, 2023 hearing transcript for the family violence action assigned Civil Action File Number 2023-FV-29.

Because the record for the family violence action assigned Civil Action File Number 2023-FV-29 was not included in the record on appeal, the indeterminate amount of time it will take to prepare and transmit that record to this Court, and the constitutional time restraints governing this Court's disposition of appeals, this case is hereby REMANDED to the Clerk of the Superior Court of Coweta County for completion of the record. See OCGA § 5-6-48 (d);[1] *Galardi v. Steele-Inman*, 259 Ga.

---

[1] OCGA § 5-6-48 (d) provides in relevant part:

At any stage of the proceedings, either before or after argument, the court shall by order, either with or without motion, provide for all necessary amendments, . . . require that additional portions of the record or transcript of proceedings be sent up, or require that a complete transcript of evidence and proceedings be prepared and sent up, or take any other action to perfect the appeal and record so that the appellate court can and will pass upon the appeal and not dismiss it.

App. 249, 249 (576 SE2d 555) (2002) (remanding case for completion of the record). Once the Superior Court Clerk completes the record by the addition of the record from the family violence action (including any transcripts and exhibits thereto that were filed in that action), the completed record then may be retransmitted and the case redocketed with the Court of Appeals. Upon redocketing, briefing by the parties shall proceed anew in accordance with Court of Appeals Rule 23. The parties are advised to include proper citations to the completed record in their briefs.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,  09/04/2024*

> *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

> *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*

3